Albert HERZSTEIN, Appellant,

v.

ECHOLS AND LYNN et al., Appellees.

No. 18398.

Court of Civil Appeals of Texas, Dallas.

Nov. 21, 1974.

Michael A. Henry, Houston, for appellant.

Charles O. Shields, Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellees.

GUITTARD, Justice.

This suit involves a contract for sale of a tract of land on which a warehouse was located. The purchaser terminated the contract and sued the seller and the seller's agents to recover the earnest money deposit on the ground that the seller was unable to convey marketable title because the land was subject to a utility easement on which the warehouse was encroaching. Defendants contend that the easement was not a "title defect" within the meaning of the contract because it did not adversely affect the value of the property, and also, that the purchaser cannot recover because he had expressed unwillingness to complete the contract on any condition.

The trial court, sitting without a jury, sustained defendants' motion for judgment at the close of plaintiff's evidence. The court made findings to the effect that the purchaser breached the contract by failing to close the transaction and that no breach by the seller was proved. The plaintiff-purchaser appeals.

We hold that plaintiff has established prima facie that the contract was breached by the seller because the burden was on the seller to show that the easement did not

adversely affect the value, and that burden has not been carried.

This result follows from the provisions of the contract. In paragraph four, the seller agrees to furnish a title insurance policy containing no exceptions other than those stated in paragraphs three and five. In paragraph five, after stating that the seller agrees to convey good and marketable title, the contract further provides: "Utility easements which do not adversely affect the value of the property . . . shall not be deemed to be title defects." The purchaser's allegation of a title defect is based on the following exception in the preliminary certificate of the title insurance company:

"Thirty foot easement in favor of the City of Oklahoma City, . . . located within the Northerly 100 feet of subject property upon which there is an encroachment of a building thereon but not upon the water main located within said easement as shown on survey dated April 21, 1970."

Whether or not this exception is one permitted under paragraph four of the contract depends on whether the easement is one which does not "adversely affect the value of the property" within paragraph five. The record contains no information as to whether the easement does or does not "adversely affect the value." Since the easement itself is not in evidence, we cannot determine what restrictions it imposes on that part of the property subject to its provisions. In particular, we have no information as to whether the city has the right to require removal of any part of a structure which is said to be encroaching. A survey plat in evidence shows the center line of a pipe line close to one corner of the building, but does not show the boundaries of the thirty-foot easement. No opinion testimony was offered concerning what effect, if any, the easement had on the value of the property.

■ In absence of any evidence on this crucial issue, we must determine who had the burden of proof. Since the contract imposed on the seller the burden to furnish a title insurance policy with no exceptions other than those expressly permitted, we hold that the seller had the burden at the trial to show that this exception was one of the exceptions permitted by the contract. Therefore, defendants had the burden to prove that the easement did not "adversely affect the value of the property." Spencer v. Maverick, 146 S.W.2d 819, 821, 826 (Tex.Civ.App.—San Antonio 1941, no writ).

With this burden resting on defendants, plaintiff made out a prima facie case of breach of the contract by the seller by the following proof: (1) the preliminary title certificate dated May 29, 1970, containing the exception above quoted; (2) notice to seller by letter from the purchaser's attorney, dated June 3, specifying this exception as one of the purchaser's grounds for terminating the contract; and, (3) seller's failure to obtain a policy of title insurance without this exception by June 19, the date set by the seller for the closing. Consequently, the trial court erred in holding that plaintiff had failed to prove that the seller had breached the contract.

Defendants argue that the evidence sustained the trial court's finding that the purchaser breached the contract by failing to close the transaction. In this connection the court also found that the purchaser stated to seller's agent that he would not close the transaction on any condition because of his difficulty in obtaining a loan. Defendants insist that this finding establishes that the exception in the preliminary certificate had nothing to do with the purchaser's termination of the contract. We cannot accept this view.

■ This statement to the seller's agent did not constitute an actual breach of the contract because it was made before the time for the purchaser's performance. At most, it was an anticipatory breach, which would have given the seller the right

**358**

to elect between treating the contract as breached and demanding forfeiture of the earnest money or treating the contract as continuing and insisting on performance. *See* Pollack v. Pollack, 46 S.W.2d 292, 293 (Tex.Comm'n App.1932, jdgmt. adopted); Kingsbery v. Phillips Petroleum Co., 315 S.W.2d 561, 568 (Tex.Civ.App.—Austin 1958, writ ref'd n.r.e.). The undisputed evidence shows that the seller elected to treat the contract as continuing, in that he insisted on performance by setting the closing for June 19. On that day, the purchaser was not in actual breach by failing to go forward with the closing, since his attorney appeared at the time and place set and found that the exception in the title insurance policy had not been removed. Consequently, the purchaser's statement to the seller's agent concerning his unwillingness to close does not bar recovery of the earnest money.

■ Because of the trial court's error in holding that plaintiff failed to prove breach of the contract by the seller, the judgment denying plaintiff recovery of the earnest money is reversed. We cannot, however, render judgment for plaintiff because the effect of the easement on the value of the property is a matter of fact to be determined before a proper judgment can be rendered. The facts on this issue were not fully developed, since judgment was rendered at the close of plaintiff's evidence. Consequently the case must be reversed for a new trial. Texas Rules of Civil Procedure, rule 434; Jackson v. Hall, 147 Tex. 245, 247, 214 S.W.2d 458, 459 (1948).

■ In view of a new trial, we note that we do not agree with plaintiff's contention that the seller breached the contract by failure to close the sale within the time specified, since the contract did not expressly make time of the essence, and the evidence shows that after expiration of the period provided in the contract, plaintiff continued to treat the contract as con-

tinuing in effect until he gave notice of termination. Shields v. Dunlap, 174 S.W. 2d 642, 645 (Tex.Civ.App.—Eastland 1943, no writ).

Reversed and remanded.