**A. N. HELSLEY, Appellant,**

**v.**

**Robert L. ANDERSON, Appellee.**

**No. 18478.**

Court of Civil Appeals of Texas, Dallas.

Jan. 9, 1975.

John L. McCraw, Jr., McCraw & Vitz, McKinney, Robert T. Dry, Jr., Plano, for appellant.

John R. Stooksberry, Plano, for appellee.

CLAUDE WILLIAMS, Chief Justice.

A. N. Helsley brought this action against Robert L. Anderson seeking specific performance of a written contract to convey real property located in Collin County, Texas. The trial court, sitting without a jury, denied the relief sought and Helsley appeals. We reverse.

On May 28, 1971, Robert Anderson, as seller, and A. N. Helsley, as buyer, executed a written contract wherein Anderson agreed to convey to Helsley ten acres of land in Collin County, Texas, for the consideration of $23,000. In compliance with the contract Helsley deposited the sum of $1,000 as earnest money with the Plano Title Company. The contract provided: "[c]losing date to be July 1, 1971." The sale was not consummated on that date.

At all times during the relevant transaction Hody Spies acted as agent for Helsley and David Howard acted as agent for Anderson. In August 1971, a problem arose

concerning the nonavailability of water on the property in question and Spies advised Howard that because of this problem Helsley was not then prepared to close the sale. The record reveals that during a period of more than one year subsequent to August 1971, Spies, on behalf of Helsley, attempted to obtain a water supply so that the sale could be concluded. Howard, as agent for Anderson, was aware of Spies' efforts in this regard. There is also testimony in the record that both Anderson and Helsley remained interested in closing the transaction following the date of closing indicated in the contract.

In April 1973, Helsley's attorney contacted Anderson and advised him that Helsley was prepared to consummate the May 28, 1971, agreement. Anderson's refusal to perform his obligation under the contract precipitated this action.

In denying Helsley's request for specific performance the trial court found and concluded that (1) time was of the essence for the closing of the contract on July 1, 1971; (2) Helsley was not ready or willing to close the contract on July 1, 1971, and he, therefore, breached the agreement; and (3) Helsley was guilty of laches, in that he waited more than one year after the date set for closing of the contract before making any effective demand upon Anderson to close the same.

In his points five through seven inclusive, appellant Helsley argues that the trial court committed error in concluding that time was of the essence for closing the contract on July 1, 1971. We agree with appellant and sustain these points.

■ It is well settled that in an ordinary contract for the sale of land where the sale is to be consummated on a future day, time is not of the essence unless such an intention is clearly manifested. Johnson v. Portwood, 89 Tex. 235, 34 S.W. 596, 598 (1896); Gala Homes, Inc. v. Fritz, 393 S.W.2d 409, 412 (Tex.Civ.App.—Waco 1965, writ ref'd n. r. e.); Foster v. L.M.S.

Dev. Co., 346 S.W.2d 387, 394 (Tex.Civ. App.—Dallas 1961, writ ref'd n. r. e.); Shields v. Dunlap, 174 S.W.2d 642, 645 (Tex.Civ.App.—Eastland 1943, no writ).

■ Although the contract itself does contain the handwritten words "[c]losing to be on July 1, 1971," when we look to the record and evaluate the attendant circumstances which evidenced the parties' intent, we cannot agree with the trial court's conclusion that time was of the essence. Helsley testified that at his own insistence the date was specified in the contract solely because he held certificates of deposit which matured on July 1, 1971, and he was simply concerned with the fact that such date would be the earliest possible time that he could consummate the contract. He definitely denied that the date was inserted to indicate the latest possible time for performance. Moreover, the record clearly shows that subsequent to July 1, 1971, both Helsley and Anderson, and their respective representatives, were interested in closing the contract and continued to treat the agreement as remaining in effect. Following July 1, 1971, neither Anderson nor his representative made a demand upon Helsley, or his agent, to terminate the agreement. In the light of this record we conclude, and so hold, that the trial court erred in concluding that time was of the essence of the contract in question. Herzstein v. Echols, 517 S.W.2d 355 (Tex.Civ.App.—Dallas 1974, no writ). In any event the finding concerning time being of the essence is contrary to the great weight and preponderance of the evidence.

■ In his eighth point of error appellant contends that the trial court erred in granting a judgment denying him specific performance predicated upon the holding that Helsley had breached the contract. The trial court, in conclusion of law number five, stated that because Helsley did not close the contract on July 1, 1971, such inaction constituted a contractual breach. As we have previously held, time was not

of the essence in the contract in question, therefore, the court's conclusion, being contingent upon the finding that time was of the essence, is erroneous.

Moreover, we hold that a finding of breach of contract is contrary to the great weight and preponderance of the evidence.

■■ If time is not of the essence, the contract continues in effect so long as the vendor has made no tender of deed or demand upon the vendee, and the vendee has made no tender of the price or demand upon the vendor, unless, of course, it is barred by limitations. Upton v. Maurice, 34 S.W. 642, 645 (Tex.Civ.App.—1896, no writ). In this case neither party demanded performance until April 1973. Pursuant to the terms of the written agreement, after Helsley deposited the earnest money with the Plano Title Company, he was not required to take further action until a good and sufficient deed of conveyance was tendered by the seller Anderson. No such deed was ever tendered by Anderson and, therefore, Helsley was not required to pay the purchase price balance. While Helsley's conduct may have reflected an intent on his part to refuse performance of his contractual obligations, there was no evidence that Helsley failed to take any action required of him. Helsley may have delayed in initiating the closing of the transaction because of his desire to obtain a water supply for the property but such delay was not, in itself, a breach of contract. Sterling v. Apple, 513 S.W.2d 255, 258 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ pending).

■ Anderson argues that tender of performance by him is unnecessary because Helsley, in August 1971, indicated an unwillingness to consummate the transaction. However, the record reveals that subsequent to August 1971, both parties indicated an interest and intention to complete the transaction. Efforts were made by Helsley to arrange for an adequate water supply and Anderson knew of these efforts. Anderson indicated to his agent that he was interested in closing the transaction and made no offer to press a termination of the agreement. It is elementary that a promissor who repudiates his contractual obligation before the time he is required to perform may retract such repudiation by notifying the promisee that he intends to perform the contract. This authority to retract will cease when the promisee has materially changed his position in reliance on the repudiation. Refrigeradora Del Noroeste S.A. v. Appelbaum, 248 F.2d 858, 861 (7th Cir. 1957), cert. denied, 356 U.S. 901, 78 S.Ct. 561, 2 L.Ed.2d 580 (1958); Carlisle v. Green, 131 S.W. 1140, 1142 (Tex.Civ.App.—1910, no writ); and 4 Corbin on Contracts § 980 (1951). We find nothing in this record to indicate that Anderson changed his position in reliance upon the possible anticipatory repudiation. By his own acts and conduct subsequent to August 1971, it appears that Helsley retracted any repudiation that may have previously occurred.

In his first through fourth points of error appellant attacks the trial court's conclusion that he was guilty of laches by waiting more than one year after July 1, 1971, before making any effective demand upon appellee to close the transaction in question. We sustain these points.

■ Laches is an affirmative defense pursuant to Texas Rules of Civil Procedure, rule 94 and as such the burden was upon appellee Anderson to prove the essential elements of the defense. In City of Fort Worth v. Johnson, 388 S.W.2d 400 (Tex.1964), Chief Justice Calvert stated that the two essential elements of laches are: (1) unreasonable delay by one having legal or equitable rights in asserting them, and (2) a good faith change of position by another to his detriment because of the delay. *Accord*, Barfield v. Howard M. Smith Co., 426 S.W.2d 834 (Tex.1968); Culver v. Pickens, 142 Tex. 87, 176 S.W.2d 167 (1943); and K & G Oil Tool & Serv. Co. v. G & G Fishing Tool Serv., 158 Tex. 594, 314 S.W.2d 782 (1958).

■ As stated in Barfield, *supra,* when an alleged cause of action, either legal or

**134**

equitable comes within any of the specific provisions of the statute of limitations, the equitable defense of laches is inapplicable unless extraordinary circumstances exist which would justify the application of laches to bar plaintiff's demands.

█ Pursuant to Vernon's Tex.Rev. Civ.Stat.Ann. art. 5531 (1958), any action for the specific performance of a contract for the conveyance of real estate shall be commenced within four years next after the cause of action shall have accrued. In this case appellant's action for specific performance was commenced within four years after the cause of action accrued. Therefore, we must decide whether the appellee has shown such extraordinary circumstances as to invoke the defense of laches. Anderson contends that extraordinary circumstances are established by proof of an increase in the value of the land during the period of delay. We are not convinced that an increase in value would in itself establish that Anderson's position was detrimentally changed by the delay, since it would not show that the delay put him in a worse position than he would have been in if the sale had been closed promptly. Moreover, there was no evidence of probative force concerning an increase in the value of the land. The only evidence presented on the laches issue was Anderson's testimony that in February or March 1973, he attempted to sell the property for $28,000, but that the sale was not completed because of his previous contract with Helsley. The alleged contract of sale for the consideration of $28,000 was not introduced into evidence and the verbal testimony concerning this abortive sale was rather sketchy, indeed. We hold that appellee Anderson has failed to meet his burden of establishing the necessary elements of the defense of laches and, therefore, there is no equitable reason for denying Helsley's right to assert his cause of action.

The judgment of the trial court is reversed and remanded.