James **CLARK**, et al.,
Plaintiffs-Appellants,

v.

**AMOCO PRODUCTION CO.**, etc., et al.,
Defendants-Appellees.

No. 85-2393.

United States Court of Appeals,
Fifth Circuit.

July 18, 1986.

Rehearing Denied Aug. 14, 1986.

Richard A. Ferris, Pittsburgh, Pa., for plaintiffs-appellants.

Tim Hatton, Beattyville, Ky., Kenneth R. Sheets, Xenia, Ohio, amicus.

Robert P. Thibault, R. Scott McCay, Houston, Tex., for Texaco, Inc.

Morris Harrell, Cynthia A. Keely, Michael V. Powell, Dallas, Tex., for Amoco Prod. Co.

Before WILLIAMS, GARWOOD and JONES, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellants James Clark and Dan Profitt brought this suit on behalf of the estate of James R. Meadors [1] against Amoco Production Co. and several other oil companies claiming a one-eighth interest in minerals extracted from land in Jefferson County, Texas, that include the famed Spindletop Oil Field.[2] In their complaint, Clark and Profitt allege they are the administrators of Meadors' estate. Their claim is based upon the assertion that Meadors received a deed in 1911 granting him the interest at issue here. This deed was filed and recorded in 1931. On behalf of themselves and the rest of Meadors' heirs, Clark and Profitt now seek to recover this interest and they ask for an accounting of all minerals extracted from this property that they estimate will entitle them to twenty billion dollars in damages for appellees' use of and production from this land over the past seventy years.

Appellants' complaint was dismissed by the district court under Fed.R.Civ.P. 12(b)(6) for failing to state a claim. Specifically, the district court found that the appellants' claim was barred by the doctrines of presumed lost deed and laches. We reverse the dismissal of appellants' case, and we remand it for further proceedings.

## I. ASSERTED FACTS

The allegations in appellants' complaint claim that James Meadors received in 1911 a deed from Ephraim Garonzik granting Meadors a one-eighth interest in mineral rights in 160 acres of Jefferson County, Texas. This deed was recorded in Jefferson County in 1931. Meadors died in or about 1939. In 1982, Clark and Profitt brought individual actions, as heirs of Meadors, against some of the present defendants seeking to obtain records that would establish Meadors' interest in this property.

Initially, they filed their claim in Texas state court. Their suit, however, was subsequently removed by the defendants to federal district court in the Eastern District of Texas. Their claim was then dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief could be granted. They did not appeal the dismissal.

In 1983, Clark and Profitt were appointed as administrators of Meadors' estate by the Register of Wills of Allegheny County, Pennsylvania. Clark and Profitt then initiated a diversity suit on behalf of the estate, thus including themselves and all of the other Meadors' heirs, in the United States District Court for the Western District of Pennsylvania. 28 U.S.C. § 1332(a)(1). Realizing that the situs of the dispute was Texas and that the law applied would be Texas law, the district court in Pennsylvania transferred this case to the Eastern District of Texas on September 13, 1984, under the authority of 28 U.S.C. § 1404(a).

Appellees then moved the district court to dismiss appellants' complaint pursuant to Rule 12(b)(6) for failing to state a claim. The district court assigned this motion to a magistrate for hearing and a recommendation. The hearing was held on November 29, 1984, and the magistrate's report was filed on March 14, 1985. The magistrate recommended that the complaint be dismissed on the grounds of presumed lost deed and laches. The magistrate reported that res judicata probably barred the claim as well, but that it would be unfair to dismiss appellants' suit on that ground. The district court reviewed the report and adopted it in its entirety, dismissing appellants' claim under presumed lost deed and laches. It entered final judgment on May 2, 1985. We now review whether appellants' case was properly dismissed on these grounds. Additionally, we consider appel-

---

**1.** Apparently Meadors used several alternate spelling of his name and several aliases as well. For purposes of our opinion, we refer to Meadors by the spelling used by the district court.

**2.** The Spindletop Oil Field has been a leading source of oil production since 1901. The dis-

covery of the "Lucas Gusher" at Spindletop began the East Texas oil boom. Uncounted billions of dollars worth of oil have since been produced in the Spindletop field. Production continues to this day.

lees' claim that this action is barred by the principles of res judicata.

## II. TOO ABRUPTLY OUT OF COURT?

Appellants' claim was dismissed for failing to state a claim upon which relief could be granted. In reviewing this dismissal, we must adhere to the rigid Rule 12(b)(6) standard. We must construe appellants' complaint in the light most favorable to them and take all the allegations contained therein as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1207 (5th Cir.1985). A case should not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ Although Rule 12(b)(6) is a powerful tool to use in expediting the judicial process and excising court calendars of cases in which there are no judicially cognizable claims, it is a disfavored motion and is rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir.1981). Rule 12(b)(6) should not be used as a substitute for a request for a more definite pleading within the meaning of Fed.R.Civ.P. 8. *Sisk v. Texas Parks & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir.1981). Nor is a Rule 12(b)(6) dismissal warranted because the district court believes the plaintiff is unlikely to prevail on the merits. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686. Even if it seems "almost a certainty to the court that the facts alleged cannot be proved to support the legal claim," the claim may not be dismissed so long as the complaint states a claim. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F.2d 759, 762 (5th Cir.1984).

To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief. *United States v. Uvalde Consolidated Independent School District*, 625 F.2d 547, 549 (5th Cir.1980), *cert. denied*, 451 U.S. 1002, 101 S.Ct. 2341, 68 L.Ed.2d 858 (1981). Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). As appellants' claim was dismissed on the basis of affirmative defenses, we review the dismissal by evaluating these defenses.

### A. How Strong a Presumption of a Lost Deed?

■ Under the doctrine of presumed lost deed [3] a deed may be presumed to have been executed to one who has been in possession of land for a long period of time under a claim of title. *Humphries v. Texas Gulf Sulphur Co.*, 393 F.2d 69, 72 (5th Cir.1968). The rationale for this policy is:

> Since it is not consistent with human experience for one really owning property of value to assert no claim thereto, but to acquiesce for a long period of time in an unfounded, hostile claim, the rule is sound which permits the inference that an apparent owner has parted with his title....

*Adams v. Slattery*, 156 Tex. 433, 295 S.W.2d 859, 868 (1956), *quoting Magee v. Paul*, 110 Tex. 470, 221 S.W. 254, 256 (1920).

The presumed lost deed doctrine requires the proof of three elements: (1) a long asserted and open claim, adverse to that of the apparent owner; (2) a nonclaim by the apparent owner; and (3) acquiescence by the apparent owner in the adverse claim. *Humphries*, 393 F.2d at 73; *Page v. Pan American Petroleum Corp.*, 381 S.W.2d 949, 952 (Tex.Civ.App.1964), *cert. denied*, 382 U.S. 820, 86 S.Ct. 45, 15 L.Ed.2d 66 (1965). Upon proof of all of these elements, a presumption arises that the party

---

**3.** This doctrine had been referred to also as presumed grant or presumed conveyance.

in possession received a grant or deed for the property at issue. The Texas courts in applying the doctrine rely upon the common sense rationale that a party with a legitimate claim to valuable property will not wait for years before asserting his claim.

Another stated justification for the application of the doctrine is that it becomes far more difficult for courts to determine the validity of claims to property once time has elapsed. Records of transactions are lost or destroyed, and the people who conducted or witnessed the transactions are dead or their memories have dimmed. *See Jeffus v. Coon,* 484 S.W.2d 949, 953 (Tex.Civ.App. 1972).

Presumed lost deed must be pled and proved by the party asserting it. *Harvey v. Humphreys,* 178 S.W.2d 733, 736 (Tex. Civ.App.1944). The elements of presumed lost deed ordinarily present questions of fact. *Swilley v. McCain,* 374 S.W.2d 871, 876 (Tex.1964); *Jeffus,* 484 S.W.2d at 954. Although asserted by appellees, the defendants in this case, as an affirmative defense, there is no reason that presumed lost deed cannot be established by the content of a plaintiff's pleading. To do so, however, each element of the doctrine must be established through the pleadings. The district court in this case found that the appellants' pleadings concede the requisite elements. We disagree.

■ There can be little dispute that appellants' pleadings concede the existence of a long-asserted and open claim adverse to them. Their complaint, however, does not explicitly state or permit the inference to be made that no claims have been made or that they have otherwise acquiesced in the appellees' hostile and adverse possession of this property. Apparently, the district court merely assumed these facts because of the magnitude of the claim and the period of time involved. Although this may be a practical assumption in view of the circumstances of this case, it simply does not comport with the standard for dismissing a suit under Rule 12(b)(6) motion. Presumed lost deed in this instance

cannot be established solely on the basis of appellants' pleadings. We therefore reverse the district court's dismissal on this issue.

**B. *Why Have You Waited So Long?***

■ Laches under Texas law rests on two elements: (1) an unreasonable delay in bringing a claim although otherwise one has the legal or equitable right to do so, and (2) a good faith change of position by another, to his detriment, because of this delay. *City of Fort Worth v. Johnson,* 388 S.W.2d 400, 403 (Tex.1964); *Culver v. Pickens,* 142 Tex. 87, 176 S.W.2d 167, 170 (1943). Laches is an affirmative defense that must be pled and proven by the defendant. *City of Fort Worth,* 388 S.W.2d at 403; *Preston v. Williams,* 427 S.W.2d 157, 160 (Tex.Civ.App.1968). Its application rests on issues of fact. *Gause v. Gause,* 430 S.W.2d 409, 414 (Tex.Civ.App. 1968); *Culver,* 176 S.W.2d at 170.

■ Laches is an equitable doctrine analogous to statutes of limitation at law. *See Jackson v. Tom Green County,* 208 S.W.2d 115, 118 (Tex.Civ.App.1948). Laches prevents parties from seeking equitable relief if they have improperly simply rested on their claims and the defendants would be prejudiced as a result of this delay. Laches ordinarily applies when there is no analogous statutory limitation to draw upon. *Transportation League, Inc. v. Morgan Express, Inc.,* 436 S.W.2d 378, 388 (Tex.Civ.App.1969). In this case, the district court found that on the basis of the pleadings it could not determine whether Texas' ten or twenty-five year adverse possession statute applies. Tex.Rev.Civ.Stat. Ann. arts 5510, 5519. It, therefore, adopted laches as an alternative for the application of a statutory limitation period.

Laches is usually available only in suits strictly in equity or actions at law that involve claims of an essentially equitable character. *Ex parte Payne,* 598 S.W.2d 312, 318 (Tex.Civ.App.1980), *disapproved on other grounds, Huff v. Huff,* 648 S.W.2d 286 (Tex.1983). Appellants' prayer

for an accounting is certainly a matter within the jurisdiction of equity. *O'Connor v. O'Connor,* 320 S.W.2d 384, 389 (Tex. Civ.App.1959). A dispute with regard to title to property, however, is not ordinarily a matter in equity. 27 Am.Jur.2d *Equity* § 62. Under Texas law, a property right vested in possession is not properly the subject of a suit in equity. *Lang v. Shell Petroleum Corp.,* 141 S.W.2d 667, 671 (Tex.Civ.App.1939), *aff'd,* 138 Tex. 399, 159 S.W.2d 478 (1942). Conversely, a property right not vested in possession but which needs "to obtain the peculiar relief afforded by courts of equity in order to investigate plaintiff with the right claimed" is. *Id.* (emphasis in original omitted).

■ It is, however, unnecessary for us to decide which of these two categories applies to appellants' claim inasmuch as Texas law is clear that the doctrine of laches is inapplicable to an action that comes within the provisions of a particular statute of limitation.[4] *Helsley v. Anderson,* 519 S.W.2d 130, 134 (Tex.Civ.App. 1975); *Transportation League v. Morgan Express, Inc.,* 436 S.W.2d 378, 388 (Tex. Civ.App.1969); 34 Tex.Jur.3d *Equity* § 41. The district court should not have applied the doctrine of laches here without first making a specific determination of whether a statute of limitations is applicable. We therefore reverse dismissal on this issue and remand for consideration of the applicability of limitations.

### C. *Has This Litigation Already Been Completed?*

Appellees argue that appellants' claim is precluded by res judicata. Specifically, appellees contend that the Rule 12(b)(6) dismissal with prejudice of the suit brought by Clark and Profitt in 1982 bars this present action. *Clark v. County and State Probate Courts of Jefferson County,* No. B-82-917-CA (E.D.Tex.1982). Although this argument was presented to the magistrate reviewing this case, it was only summarily discussed in his report and recommendation to the district court. The district court chose not to base its dismissal upon this ground. Because we do not sustain this case's dismissal on the bases discussed by the district court, we need to determine whether we may affirm on the principle of res judicata. *See Liberty Glass Co., Inc. v. Allstate Ins. Co.,* 607 F.2d 135, 138 (5th Cir.1979).

In his report and recommendation, the magistrate treated appellees' 12(b)(6) motion as a motion for summary judgment for purposes of the applicability of res judicata because he relied upon pleadings and orders from the prior action, matters outside the pleadings in this case.[5] We thus review this issue under the standard applicable to summary judgments: the movant is entitled to judgment if there were no issues of material fact, and he is entitled to judgment as a matter of law. *McCrae v. Hankins,* 720 F.2d 863, 865 (5th Cir.1983).

■ The elements of res judicata[6] require: first, an identity of parties between the two proceedings; second, both suits involved the same claims; third, the prior judgment was rendered by a court of competent jurisdiction; and finally, the decision in the prior proceeding must have been a final judgment on the merits. *Southmark Properties v. Charles House Corp.,* 742 F.2d 862, 869 (5th Cir.1984).

There is no dispute that the prior judgment was rendered by a court with appro-

---

4. In extraordinary circumstances laches may be invoked even when an applicable statutory limitation period has not expired. *Barfield v. Howard M. Smith Co.,* 426 S.W.2d 834, 840 (Tex. 1968); *Helsley,* 519 S.W.2d at 133. This exception is not pertinent to the situation at hand inasmuch as any statutory period, if relevant, would have long since expired. There obviously is no need ever to interpose laches once a statutory period has run since its passage inexorably bars suit.

5. These documents had been entered into the record by the appellees.

6. We properly apply this Court's rules of res judicata notwithstanding the fact that this is a diversity case and Texas substantive law applies. *See Seven Elves Inc. v. Eskenazi,* 704 F.2d 241, 243 & n. 2 (5th Cir.1983).

priate jurisdiction. It is clear, as well, that the prior dismissal with prejudice was a valid final judgment. *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977). Moreover, despite appellants' protestations, the claim in the two proceedings is the same: the recovery of Meadors' interest in the property at issue that includes Spindletop, and compensatory damages for minerals extracted by the appellees from these lands. Appellants urge us to hold that the claims are not the same because only records and documents to confirm appellants' claims had been requested in the earlier proceeding. Inasmuch as Clark and Profitt, however, claimed that these records and documents would confirm their interest as Meadors' heirs in Spindletop and surrounding lands, they were "seeking the same remedy in regard to the same property." *Southmark,* 742 F.2d at 871; *Hall v. Tower Land & Investment Co.,* 512 F.2d 481, 483 (5th Cir.1975). Clark and Profitt themselves confirmed this in their First Amended Original Petition in their previous suit by stating that "this action is instituted for the purpose of obtaining all properties and records pertinent to the subject matter of this lawsuit...."

There are, however, two problems in satisfying the identity of parties requirement of res judicata. First, Clark and Profitt brought their previous action only against two of the present appellees.[7] Res judicata, therefore, may be advanced as a defense by these two appellees only and not the remaining parties in this case.[8] Second, Clark and Profitt initiated the prior action as individuals, not as administrators of the Meadors' estate.[9] Res judicata does not apply to a situation such as the one here in which a party appears in one action in an individual capacity and in a subsequent action in a representative capacity. *Restatement (Second) of Judgments.* § 36 (1980).

There is no indication in the record that the remaining beneficiaries were parties to the previous suit. Nonetheless, appellees argue that the unnamed beneficiaries were "virtually represented" by Clark and Profitt and thus their claims should be precluded by res judicata. *Aerojet-General Corp. v. Askew,* 511 F.2d 710, 719 (5th Cir.), *cert. denied and appeal dismissed sub nom. Metropolitan Dade County, Florida v. Aerojet-General Corp.,* 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975). We disagree.

A person's claim is not precluded by res judicata unless he was a party to the prior action, or in privity with a party who was *Southmark,* 742 F.2d at 870; *Hardy v. Johns-Manville Sales Corp.,* 681 F.2d 334, 338 (5th Cir.1982). Only in certain narrowly defined instances will a party's claims be barred by a prior judgment of which he was not a part. *See Hardy,* 681 F.2d at 339. A nonparty to litigation may be bound in three situations: (1) where a nonparty succeeds to a party's interest in property bound by prior judgment; (2) where the nonparty controlled the previous litigation; or (3) where the nonparty's interests were represented adequately in the original suit. *Id.* This present case corresponds to none of these situations.

The remaining Meadors heirs are not successors to Clark and Profitt's interest in the estate. The remaining heirs have concurrent interests in the property. Further, there is no allegation in the pleadings that the remaining Meadors' heirs even

---

**7.** Clark and Profitt initiated their prior action against Amoco Production Company and Texaco, Inc. In the subsequent action, they have included as defendants Mobil Oil Corporation and Phillips Petroleum Company.

**8.** Since they were not parties, the appropriate objection that Mobil and Phillips could have raised to Clark and Profitt's claim is not res judicata but offensive collateral estoppel. *See Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Because

Mobil and Phillips have not raised this issue, however, we decline to consider it.

**9.** Clark and Profitt sued as heirs, and they are now included in the class of heirs for whom suit is brought in this case. The earlier decision, therefore, results in raising the question whether their own claims as heirs are barred by res judicata. We pretermit consideration of this issue.

knew of the prior case, let alone that they controlled it or were in privity with Clark and Profitt. Finally, we cannot hold that these nonparties were adequately represented by two parties who proceeded pro se and failed to appeal the dismissal of their case.

Thus, appellees' reliance on the principle of "virtual representation" is also not persuasive. Under this doctrine, "a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." *Aerojet-General*, 511 F.2d at 719. As has been pointed out elsewhere, however, this doctrine closely resembles the common law theory of concurrent privity, *Southwest Airlines Co. v. Texas Int'l Airlines*, 546 F.2d 84, 97 (5th Cir.), *cert. denied*, 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977), which in turn is really only the adequate representation of interests analysis discussed above. *Id.* at 95 n. 40. Virtual representation, therefore, presents no separate basis upon which to evaluate appellees' res judicata arguments.

We conclude that the principle of res judicata does not constitute justification to dismiss this suit under Rule 12(b)(6).

### III. ONE JUMPED HURDLE DOES NOT END THE RACE

We reverse the district court's dismissal of appellants' claim on the grounds of presumed lost deed and laches. Appellants' pleadings do not on their face establish these defenses. Although not ruled upon by the district court, we further hold that res judicata also does not preclude appellants' claim as administrators of Meadors' estate.

Our holding in no way indicates that appellants' claim is or is not meritorious. We decide only that the district court could not on these pleadings avail itself and appellees of a Rule 12(b)(6) dismissal. Upon remand, the district court has available expeditious procedures which it may be able to use to resolve this case short of trial. As our colleague, Judge John Brown, once

explained in reversing a Rule 12(b)(6) dismissal:

> [T]his does not mean that there must necessarily be a fullblown trial ... [T]he real facts can be ascertained and by motion for summary judgment (or other suitable device), the trial Court can determine whether as a matter of law there is any right of recovery on those facts.

*Shull v. Pilot Life Ins. Co.*, 313 F.2d 445 at 447 (5th Cir.1963).

This case must be reversed and remanded for further proceedings in accordance with this opinion.

**REVERSED AND REMANDED.**