**Reita WALLEY Plaintiff**

**v.**

**Tillie STEEPLES, individually and d/b/a Computer Supplies and Forms, Inc. and Computer Supplies and Forms, Inc. Defendant**

**No. CIV. 1:95CV157–D–D.**

United States District Court,
N.D. Mississippi,
Eastern Division.

Jan. 8, 1996.

Gregory D. Keenum, Gregory D. Keenum, PA, Booneville, MS, for Plaintiff.

Stephen H. Morris, Mitchell Voge Corban & Morris, Tupelo, MS, Cynthia Etheridge Daniels, Columbus, MS, for Defendant.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

Presently before the court is the motion of the defendants in this cause to dismiss the plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In particular, the defendants allege that they are entitled to the protection of the Mississippi Statute of Frauds, Miss.Code Ann. § 15–3–1. Finding the motion not well taken, the same shall be denied.

## Discussion

### I. STANDARD FOR A MOTION TO DISMISS

A Rule 12(b)(6) motion is disfavored, and it is rarely granted. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986); *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Dismissal is never warranted because the court believes the plaintiff is unlikely to prevail on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Even if it appears an almost certainty that the facts alleged cannot be proved to support the claim, the complaint cannot be dismissed so long as the complaint states a claim. *Clark*, 794 F.2d at 970; *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir.1984). "To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief." *Clark*, 794 F.2d at 970; *see also Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir.1988); *United States v. Uvalde Consol. Indep. Sch. Dist.*, 625 F.2d 547, 549 (5th Cir.1980), *cert. denied*, 451 U.S. 1002, 101 S.Ct. 2341, 68 L.Ed.2d 858. Dismissal is appropriate only when the court accepts as true all well-pled allegations of fact and, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Thomas v. Smith*, 897 F.2d 154, 156 (5th Cir. 1989), quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 100–02, 2 L.Ed.2d 80 (1957); *see Mahone*, 836 F.2d at 926; *McLean v. International Harvester*, 817 F.2d 1214, 1217 n. 3 (5th Cir.1987); *Jones v. United States*, 729 F.2d 326, 330 (5th Cir.1984). While dismissal under Rule 12(b)(6) ordinarily is determined by whether the facts alleged, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings. *Clark*, 794 F.2d at 970; *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953.

### II. THE PLAINTIFF'S CLAIM

The plaintiff filed this action to recover obligations owed pursuant to a guaranty agreement executed individually by the defendant Tillie Steeples. Particularly, the agreement stated that Ms. Steeples "unconditionally guarantee(s) to the Company, its successors and assigns, the payment of any and all indebtedness of the Customer to the Company of whatsoever kind or nature, and whether now existing or hereafter rising." The "Customer" was designated in this agreement as the present defendant Computer Supplies and Forms, Inc. However, in no provision of the document was an entity designated as the "Company" or obligee.[1]

### III. THE MISSISSIPPI STATUTE OF FRAUDS

■■■ It is the defendants' contention that this guaranty agreement falls under the purview of Mississippi's Statute of Frauds, which states in relevant part:

§ 15–3–1. Certain Contracts to be in writing.

An action shall not be brought whereby to charge a defendant or other party:

(a) upon any special promise to answer for the debt or default or miscarriage of another person;

.        .        .        .        .

unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum

---

1. It appears from a reading of the agreement that the drafter intended an entity to be so designated. However, the executed document contained no such designation.

or note thereof, shall be in writing, and signed by the party to be charged therewith or signed by some person by him or her thereunto lawfully authorized in writing.

Miss.Code Ann. § 15–3–1. In order to qualify as a "memorandum" under the statute, one requirement is that the writing must include the substantial terms of the contract. *Roberts v. Southern Wood Piedmont Co.*, 571 F.2d 276, 278 (5th Cir. 1978). Included in these "substantial terms" are the names of the parties involved in the agreement. *Ludke Elec. Co. v. Vicksburg Towing Co.*, 240 Miss. 495, 127 So.2d 851, 855 (1961) ("The memorandum must state the name of both parties to the bargain, and it must appear which party is the buyer and which is the seller."); *Postal Telegraph & Cable Co. v. Friedhof*, 127 Miss. 498, 90 So. 182, 183 (Miss.1922) ("There is nothing ... to show to whom the amounts were due or to whom payable—both indispensable under the statute of frauds."). The assertion of the defendants in this matter is simple—because the name of the obligee under this guaranty agreement is not sufficiently delineated, they charge, the guaranty agreement itself does not satisfy the requirements of Miss.Code Ann. § 15–3–1 and is therefore unenforceable.

■■■ The undersigned is not aware of any case interpreting Mississippi law which defines exactly what sufficiently constitutes the "name" of a party in this context. *But see Phillips v. Cornelius*, 28 So. 871 (Miss.1900) ("Phillips & Bro." sufficient designation of party when signed for by "T.K. Young;" parol evidence admissible to establish agency of Young for "Phillips & Bro."). However, the general rule is that an express statement of a party's name need not be given, for parol evidence can be introduced to determine the identity of a party as long as some information

is given from which he can be identified. 27 Am.Jur.2d *Statute of Frauds* § 314, p. 835 (1974). This is the argument of the plaintiff in this case—"[i]f the Statute of Frauds does apply, then parol evidence would be allowed to assist the Court in interpretation of the terms, such as who the 'Company' or obligee is." Plaintiff's Response to Defendants' Motion to Dismiss, p. 4. The defendants asseverate in response that Mississippi law does not permit the admission of parol evidence to establish a term essential to meeting the requirements of the Statute of Frauds:

> The rule is well settled that the memorandum in writing necessary to take a case out of the statute of frauds must contain the substantial terms of the contract, expressed with such certainty that they may be understood from the contract itself or some other writing to which it refers without resorting to parol testimony.

*Postal Telegraph & Cable Co. v. Friedhof*, 127 Miss. 498, 90 So. 182, 183 (1922). While the general rule of most states and the *Postal Telegraph* decision might indeed be reconcilable, in the case at bar the distinction is not determinative of the issue. Even if this court were to determine that the Mississippi Supreme Court would admit parol evidence in accordance with the general rule, it is the opinion of this court the Statute of Frauds would still apply. Even under the general rule, the guaranty must contain some information identifying the party. Further, such information must sufficient to identify a party in light of the parol evidence concerning the description. "Company" is so insufficient a description of a party so as to be tantamount to no description at all. There is nothing in this guaranty agreement which would provide any additional direction to the trier of fact in determining who the "Company" is, and parol evidence cannot alone provide the essential terms of

a contract sufficiently to satisfy § 15–3–1. The word "Company" is no more helpful than a pronoun. However, that a strict application of the statute of frauds would render this agreement unenforceable does not mean that the defendants are entitled to have this action against them dismissed.

## IV. DEFENSES TO THE STATUTE OF FRAUDS—EQUITABLE AND PROMISSORY ESTOPPEL

■■■■■ The law of Mississippi does not regard estoppels with favor, nor does it extend them further than the boundaries of the transactions within which they originate. *PMZ Oil Co. v. Lucroy*, 449 So.2d 201, 206 (Miss.1984). Nonetheless, under Mississippi law, "equitable estoppel is a well established exception to the statute of frauds." *Solomon v. Walgreen Co.*, 975 F.2d 1086, 1091 (5th Cir.1992); *Hunt Energy Corp. v. Crosby–Mississippi Resources*, 732 F.Supp. 1378, 1386 (S.D.Miss. 1989); *PMZ Oil Co.*, 449 So.2d at 206. "[W]here the elements of equitable estoppel are present, the statute of frauds constitutes no bar to enforcement of that which a party has agreed." *Bowers Window & Door Co. v. Dearman*, 549 So.2d 1309, 1313 (Miss.1989) (citing *PMZ Oil*, 449 So.2d at 206). In order to establish this exception, the party must demonstrate:

1) that she has changed her position in reliance upon the conduct of another; and

2) that she has suffered detriment caused by this change in position in reliance upon that conduct.

*Solomon*, 975 F.2d at 1091; *Hunt Energy*, 732 F.Supp. at 1386. Promissory estoppel is likewise an exception, and requires that the party asserting it show:

1) a promise;

2) that the promise induced action of a definite and substantial character on the part of the promisee; and

3) that the promisor reasonably should have expected the promisee's action.

*Id.* (citing *Sanders v. Dantzler*, 375 So.2d 774, 776–77 (Miss.1979)). If a party can establish these three elements, the promise will be binding notwithstanding the statute of frauds "if injustice can be avoided only by the enforcement of the promise." *Solomon*, 975 F.2d at 1091.

■■■■■ In the guaranty agreement upon which this action centers, the plain language of the agreement states that the guarantors are executing the agreement "to induce the Company to extend such credit to Customer," and that one of the purposes of the agreement is for "extension of credit to Customer by the Company." Based upon this fact, as well as upon the circumstances of this case as known to the court, it appears that the plaintiff may be able to establish the requisite elements of an estoppel doctrine and thereby prevent the statute of frauds from rendering this guaranty agreement unenforceable. This court cannot say, then, that the plaintiff is unable to establish any set of facts which would entitle her to relief.

### Conclusion

From the facts as they are presently known to the court, it appears that an estoppel doctrine may effectively prevent the normal application of Mississippi's Statute of Frauds in this case. That determination is for another time. In any event, this court cannot say that the plaintiff has failed to present a claim upon which relief can be granted. The motion of the defendants shall be denied.

A separate order in accordance with this opinion shall issue this day.

*ORDER DENYING DEFENDANTS'*
*MOTION TO DISMISS*

Pursuant to a memorandum opinion issued this day, it is hereby ORDERED THAT:

1) the motion of the defendants to dismiss the plaintiff's claims against them is hereby DENIED.

All memoranda, depositions, affidavits and other matters considered by the court in denying the defendant's motion to dismiss are hereby incorporated and made a part of the record in this cause.