**V. Jane LEE, Lori Avin, and all others similarly situated Plaintiffs**

v.

**SECURITY CHECK, LLC Defendant**

No. CIV.A. 400CV50DB.

United States District Court,
N.D. Mississippi,
Greenville Division.

Aug. 2, 2000.

Thomas L. Kesler, Columbus, MS, J. Armstrong Walters, Jr., Walters, Easley & Walters, Columbus, MS, for plaintiffs.

Andrew N. Alexander, III, Lake Tindall, LLP, Greenville, MS, Pope S. Mallette, Mayo Mallette, PLLC, Oxford, MS, for defendant.

## OPINION

DAVIDSON, District Judge.

Before the court is the Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon due consideration, the court finds that the motion should be granted in part and denied in part.

### Factual Background

Plaintiffs filed this putative class action against Security Check, LLC, on March 6, 2000, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and Mississippi Code Annotated section 97–19–57.

Plaintiffs assert that the Defendant, a debt collection agency, attempted to collect a fee, charge, or expense not expressly authorized by the agreement between the Plaintiffs and the creditor and not permitted by law. Plaintiffs allege that Security Check demanded a "service charge," as that term is used by the Defendant in its collection notice, without complying with section 97–19–57 of the Mississippi Code, which Plaintiffs argue is a necessary prerequisite for attempting to collect the fee. By extension, Plaintiffs submit that the Defendant's noncompliance with section 97–19–57 yields a fee not permitted by law.

Plaintiffs further argue that certain correspondence sent by Security Check to the Plaintiffs failed to indicate that payment of the service charge was optional and was, therefore, a deceptive practice under 15 U.S.C. § 1692e.

*Analysis*

- *Rule 12(b)(6) Standard*

In ruling on a motion to dismiss under Rule 12(b)(6), the court must take as true the well-pleaded allegations in the complaint and construe them in the light most favorable to the plaintiff. *C.C. Port, Ltd. v. Davis–Penn Mtg. Co.*, 61 F.3d 288, 289 (5th Cir.1995). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995).

Conversely, dismissal is never warranted because the court believes the plaintiff is unlikely to prevail on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Even if it appears an almost certainty that the facts

alleged cannot be proved to support the claim, the complaint cannot be dismissed so long as the complaint states a claim. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986). If, however, a required element, a prerequisite to obtaining the requested relief, is lacking in the complaint, dismissal is proper. *Id.*

- *Claims Under the FDCPA*

- *Claim of V. Jane Lee*

The claims of Plaintiff V. Jane Lee arise from certain correspondence from the Defendant dated January 27, 1999. The letter from Security Check references several checks that were returned by Lee's bank and assigned to the Defendant for collection. One of the listed checks was a $30.00 payment made to the Defendant.

15 U.S.C. § 1692k(d) provides:

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

With respect to written correspondence, the one-year limitation period under § 1692k(d) has been construed to run from the date that a collection letter is placed in the mail, rather than the date when the letter is received because the mailing date is the last opportunity for the collector to comply with the FDCPA. Thus, the mailing of the correspondence triggers the limitations period. *Mattson v. U.S. West Commun., Inc.*, 967 F.2d 259 (8th Cir. 1992).

Here, Lee received the above referenced collection letter bearing a date of January 27, 1999. While it is appears that this was not the first letter sent to Lee regarding collection of the listed amounts, it is not

necessary for the court to ascertain any prior date. Viewing the facts in the light most favorable to the Plaintiff, at the latest, the one-year limitations period began to run on January 27, 1999, for any claims arising out of that correspondence. Plaintiffs filed the underlying Complaint on March 6, 2000, over a month beyond the one-year limitation period. Thus, Plaintiff Lee's allegations arising out of the January 27, 1999 letter are time-barred and shall be dismissed.

● *Unfair Practices Claim*

As part of its collection efforts, Security Check regularly collected, or attempted to collect, a $30.00 service charge on each returned check, regardless of the amount of the check. Plaintiffs contend that this practice violated the FDCPA in that the Defendant was collecting or attempting to collect an amount not expressly authorized by the agreements creating the debts or permitted by law. Plaintiffs further argue that the Defendant misrepresented the amounts of the debts and the legality of the compensation which it could receive.[1]

● Service Charge

15 U.S.C. § 1692f(1) provides that a debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt, such as:

The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Thus, the lawfulness of a service charge under Section 1692f(1) turns on whether the charge is "expressly authorized by the agreement creating the debt or permitted by law." In the case at bar, there appears no dispute that the $30.00 service charge was not expressly authorized by the agreement creating the underlying debt. Thus, Security Check's assessment of service charges is lawful under Section 1692f(1) only if the charges are "permitted by law."

At least two Mississippi statutes are relevant to the inquiry of whether a service charge is "permitted by law" for purposes of the FDCPA. Mississippi Code Annotated section 11–7–12 establishes a variety of civil penalties available to plaintiffs instituting suit to recover on a bad check. Miss.Code Ann. § 11–7–12 (1999). In addition, section 97–19–57 provides for a voluntary service charge of $30.00, payment of which allows the drawer or maker to avoid an evidentiary criminal presumption. Miss.Code Ann. § 97–19–57 (1999).

Plaintiffs argue that Security Check violated the FDCPA by adding the $30.00 service charge without complying with section 97–19–57, which they contend is a prerequisite to collecting or attempting to collect the fee.[2]

---

1. Neither party disputes that Security Check is a debt collector and that the dishonored checks at issue are debts as those terms are defined under the FDCPA.

2. Section 97–19–57 provides in pertinent part:
   (1) As against the maker or drawer thereof, the making, drawing, issuing, uttering or delivering of a check, draft or order, payment of which is refused by the drawee, shall be prima facie evidence and create a presumption of intent to defraud and of

knowledge of insufficient funds in, or on deposit with, such bank, corporation, firm or person, provided such maker or drawer shall not have paid the holder thereof the amount due thereon, together with a service charge not to exceed Thirty Dollars ($30.00), within fifteen (15) days after receiving notice that such check, draft or order has not been paid by the drawee.
   (2) The form of the notice provided for in subsection (1) of this section shall be substantially as follows:

Plaintiffs specifically allege that the Defendant failed to inform its consumers that payment of the $30.00 service charge was optional and that the legal effect of paying the charge was avoidance of an evidentiary criminal presumption. This alleged non-compliance also forms the basis of Plaintiffs' allegation that the Defendant's failure to divulge this information constitutes a deceptive practice within the meaning of Section 1692e. The Defendant urges that section 97–19–57 merely requires that the form of notice provided be *substantially* as it appears in the statute, not exactly as it appears in the provision.

Before addressing the above arguments, the court notes that since the filing of this cause, the Mississippi Legislature has amended sections 11–7–12 and 97–19–57 of the Mississippi Code. The amendments attempt to conform the civil and criminal procedures for instituting recovery of the face amount of a bad check, together with a service charge or penalty under sections 11–7–12 and 97–19–57. Under amended section 11–7–12, the payee, endorser or assignee of a bad check "shall be entitled to collect, in addition to the face amount of the check, draft or order, a service charge of Thirty Dollars ($30.00)." 2000 Miss. Laws Ch. 364.

Clearly, the above amendments were not law at the time of the subject transactions and may not be regarded as an authoritative legislative determination of the meaning of sections 11–7–12 and 97–19–57. *See Grant Center Hosp. of Miss., Inc. v.*

*Health Group of Jackson, Miss., Inc.,* 528 So.2d 804, 809 (Miss.1988). The statute is, however, available as an aid in assigning meaning to the prior statutes. *Id.* There are no principles of statutory construction which prevent courts from utilizing subsequent amendments as an aid in arriving at the correct meaning of a prior statute. *Id.* Indeed it is very common for a court, in construing a statute, to refer to subsequent legislation as impliedly confirming the view which the court has decided to adopt. *Id.*

The court now turns to the parties' arguments. Looking to the plain language of Section 1692f(1), the court interprets the statute to permit the collection of a fee, in addition to the principal obligation, if such fee is expressly authorized by the agreement creating the debt or is otherwise permitted by state law. In other words,

If state law expressly permits service charges, a service charge may be imposed even if the contract is silent on the matter;

If state law expressly prohibits service charges, a service charge cannot be imposed even if the contract allows it;

If state law neither affirmatively permits nor expressly prohibits service charges, a service charge can be imposed only if the customer expressly agrees to it in the contract.

*See* Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50,-097, 50108 (Fed. Trade Comm'n 1988). At

---

"This statutory notice is provided pursuant to Section 97–19–57, Mississippi Code of 1972. You are hereby notified that a check, draft or order numbered _____, apparently issued by you on _____ (date), drawn upon _____ (name of bank), and payable to _____, has been dishonored. Pursuant to Mississippi law, you have fifteen (15) days from receipt of this notice to tender payment of the full amount of such check, draft or order, plus a service charge of Thirty Dollars ($30.00), the total amount due being $_____. Unless this amount is paid in full within the time specified above, the holder may assume that you delivered the instrument with intent to defraud and may turn over the dishonored instrument and all other available information relating to this incident to the proper authorities for criminal prosecution."
Miss. Code Ann. § 97–19–57 (1999).

the time of the subject transactions, Mississippi Code section 11–7–12 did not expressly provide for a $30.00 civil penalty or service charge for dishonored checks. Indeed, while section 97–19–57 does provide that a $30.00 service charge "may" be paid to the holder of a dishonored check, payment of the service charge is voluntary and serves only to avoid a presumption of intent to defraud. The service charge under section 97–19–57 is not in the form of a civil penalty. These two statutes, however, are not the exclusive remedies for dishonored checks, nor do they prohibit damages, fees, or service charges imposed by another statute or by contract.

In determining whether another statute permits the service charge assessed by Security Check, this court finds persuasive the approach taken by the Second Circuit in *Tuttle v. Equifax Check,* 190 F.3d 9, 14 (2d Cir.1999). In *Tuttle,* the appellate court, considering a factually analogous case, looked to the forum state's Uniform Commercial Code to determine whether the service charge was permitted by law. The court concluded that the Connecticut Uniform Commercial Code permitted the service charge as incidental damages under section 42a–2–709 of the Connecticut Code.

Similarly, the Mississippi Uniform Commercial Code provides that "when the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under [section 75–2–710], the price ... of goods accepted." Miss.Code Ann. § 75–2–709. The incidental damages permitted under section 75–2–709 include "any commercially reasonable charges, expenses or commissions ... otherwise resulting from the breach." Miss. Code Ann. § 75–2–210. These damages may be recovered by a seller or by a "person in the position of a seller," including a financing agency "which has acquired

documents ... by discounting a draft for the seller...." Miss Code Ann. § 75–2–707 (Comment 2000). The Mississippi Uniform Commercial Code defines "financing agency" as "a bank, finance company or other person who in the ordinary course of business ... by arrangement with either the seller or the buyer intervenes in ordinary course to make or collect payment due or claimed under the contract for sale, as by purchasing or paying the seller's draft or ... by merely taking it for collection...." Miss.Code Ann. § 75–2–104(2).

■ Based on the above authorities, the court is of the opinion that the uniform commercial statutes permitted Security Check to impose the $30.00 service charge. Security Check put itself in the position of the seller and accordingly, was authorized to recover commercially reasonable expenses resulting from the Plaintiffs' dishonored checks. *See* Miss Code Ann. §§ 75–2–707, 75–2–710. The service charge arises as incidental damages to the extent that it offsets the collection expenses incurred in collecting on the dishonored check. Thus, under the Mississippi Uniform Commercial Code, Security Check, in the position of a seller of goods, was authorized to impose and collect its service charge as a commercially reasonable incidental damage as part of its recovery of the face value of the Plaintiffs' dishonored checks.

Furthermore, amended sections 11–7–12 and 97–19–57, when compared to the prior statutes, provide an express authorization for collection of the service charge as a civil penalty. Indeed, it appears that the Mississippi Legislature amended these sections for the specific purpose of conforming the civil and criminal procedures with respect to the type of transaction presently before the court to establish a

$30.00 civil penalty, i.e., a right to collect the service charge.

Having determined that the charge was permitted by law, the court can find no authority under Mississippi law or the FDCPA providing that the service charge is impermissible unless consumers were provided the full text of information offered in Mississippi Code Annotated § 97–19–57. Rather, the court is of the opinion that such a contention should be treated as a claim under Section 1692e of the FDCPA.

- *Deceptive Practices*

Plaintiffs also assert that Security Check's failure to inform its consumers that payment of service charge was optional, as provided in the form of notice offered in section 97–19–57, was a deceptive practice within the meaning of Section 1692e.

Upon review of the documents attached to Plaintiffs' Complaint, the court notes that the Defendant's correspondence neither advised Plaintiffs that the service charge was optional, nor explained the legal effect of the charge. At the time of the correspondence, the $30.00 charge was specifically correlated to avoidance of a criminal evidentiary presumption and was not established as a civil penalty. Thus, the court cannot say that the Defendant has demonstrated that the Plaintiffs can prove no set of facts under which they could recover under Section 1692e. Accordingly, the Defendant's motion to dismiss Plaintiffs' claims of deceptive practices shall be denied.

A separate order in accordance with this opinion shall issue this day.

*ORDER*

Pursuant to an opinion issued this day, it is hereby ORDERED that:

- the Defendant's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART;

- the claims of Plaintiff V. Jane Lee arising out of the January 27, 1999 letter are dismissed with prejudice;

- the Plaintiffs' claims under 15 U.S.C. § 1692f(1) of unfair practices are dismissed with prejudice; and

- the Defendant's Motion to Dismiss Plaintiffs' remaining claims is DENIED.