Opinion filed February 22, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed February 22, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00380-CV 

                                                    __________

 

                               DEBORAH KAYE PARKER, Appellant

 

                                                             V.

 

                          LEE
EDWARD CUMMING, JIM BASS FORD 

                           AND
FORD MOTOR COMPANY, Appellees

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland County, Texas

 

                                                 Trial
Court Cause No. CV45175

 



 

                                                                   O
P I N I O N

 

Deborah Kaye Parker filed suit seeking personal
injury damages arising out of an automobile accident.  Parker=s
suit was filed more than two years after the accident, but she alleged that
litigation previously filed in bankruptcy and federal district courts had
tolled limitations.  The trial court
found that the tolling provision did not apply and granted defendants= motions for summary judgment.  We affirm.

                                                             I.  Background Facts








Parker was involved in a three-car accident on
January 27, 2001.  On January 24, 2003,
she filed suit against Lee Edward Cumming; Society of St. Vincent De Paul;
Catholic Diocese of Midland, Texas; Jim Bass Ford; Mercury Automobile Company;
and Dr. Joe Wilkinson.  Parker had
previously filed for Chapter 7 bankruptcy protection, and she filed her suit as
an adversary proceeding in her bankruptcy case. Parker alleged that the
adversary proceeding was a core proceeding, that each defendant was negligent,
that their negligence was the proximate cause of her injuries, and that each
was jointly and severally liable for her injuries.  Parker=s
complaint requested that the litigation be transferred to U. S. District Court
for jury trial.

Approximately two weeks later, the bankruptcy
court entered an order that required Parker to show cause why her adversary
suit should not be dismissed for lack of jurisdiction.  Parker responded with a separate motion to
transfer the litigation to district court. 
The bankruptcy court determined that it lacked jurisdiction to hear or
transfer Parker=s
personal injury suit and dismissed the adversary proceeding.

Parker then filed suit in U.S. District Court
against the same defendants and asserted the same causes of action.  She later dismissed her claims against Dr.
Wilkinson.  The remaining defendants
filed motions to dismiss for failure to state a claim, and Ford Motor Company
filed a motion to dismiss for lack of subject-matter jurisdiction.  The district court initially denied the
motions to dismiss, but when Parker=s
bankruptcy case was closed, the court dismissed the suit for lack of
subject-matter jurisdiction.

Parker then filed suit in state court against the
remaining defendants and asserted the same claims originally asserted in the
adversary proceeding.  The defendants
filed a motion for summary judgment arguing that Parker=s
claims were barred by limitations because the state court suit was filed more
than two years after the accident and because Parker=s
adversary proceeding did not toll limitations. 
Parker responded that Tex. Civ.
Prac. & Rem. Code Ann. '
16.064 (Vernon 1997) tolled limitations because her adversary proceeding and
federal district court litigation were not filed with intentional disregard of
proper jurisdiction and each subsequent suit was filed within sixty days of the
dismissal of the preceding one.  The
trial court disagreed and granted defendants=
summary judgment motion.

                                                                       II.  Issues

Parker challenges the trial court=s decision with a single issue,
contending that summary judgment was inappropriate because there was no
evidence that she was guilty of intentional disregard of proper jurisdiction.








                                                III.  Was Summary Judgment Proper?

The key facts are undisputed.  The issue is the effect of Parker=s decision to file an adversary
proceeding that the bankruptcy court determined it had no jurisdiction to
consider.

A. 
Standard of Review.

The standard of review for traditional summary
judgments is well recognized.  We must
consider the summary judgment evidence in the light most favorable to the
nonmovant, indulging all reasonable inferences in favor of the nonmovant, and
determine whether the movant proved that there were no genuine issues of
material fact and that it was entitled to judgment as a matter of law.  Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548-49 (Tex.
1985).  A defendant is entitled to
summary judgment if the defendant either disproves an element of each of the
plaintiff=s causes
of action or establishes an affirmative defense on each of the plaintiff=s causes of action as a matter of
law.  Am. Tobacco Co. v. Grinnell,
951 S.W.2d 420, 425 (Tex.
1997).  When a defendant moves for
summary judgment on limitations and the plaintiff relies upon a tolling
statute, the defendant must negate the applicability of that statute.  Zale Corp. v. Rosenbaum, 520 S.W.2d
889, 891 (Tex.
1975).  Not until the defendant shows
that the plaintiff=s cause
is barred by limitations does the burden shift to the plaintiff to establish
tolling.  See Wise v. Anderson,
359 S.W.2d 876, 880 (Tex.
1962). 

            B.  Analysis.

Section 16.064 provides a tolling provision for
litigation initially filed in a court without jurisdiction if, within sixty
days of the dismissal for lack of jurisdiction, suit is filed in a court of
proper jurisdiction and if the initial filing was not done with intentional
disregard of proper jurisdiction.  This
statute is to be liberally construed to effectuate its manifest objective B relief from penalty of limitation bar
to one who has mistakenly brought his action in the wrong court B but its reach is not limitless.  Clary Corp. v. Smith, 949 S.W.2d 452,
461 (Tex. App.CFort
Worth 1997, writ denied).








Ford argues that the focus should not be on where
the case was filed, but where it was not filed. 
Ford contends that Parker knew state court was the proper jurisdiction
but yet intentionally filed her lawsuit in bankruptcy court.  Ford incorrectly assumes that there was only
one proper jurisdiction when the adversary proceeding was filed, which
potentially would read the statute out of existence.[1]  Under Ford=s
analysis, if a claimant could clearly file suit in state court, but in good
faith incorrectly thought it could also file suit in federal court using
diversity jurisdiction, then the claimant=s
knowledge that state court was an appropriate forum would foreclose any
reliance on Section 16.064.  We believe
it clear that the legislature intended the statute to toll limitations when,
for example, a claimant makes a good faith mistake concerning a defendant=s residence or principal place of
business or when calculating the amount in controversy.

Conversely, Parker argues that defendants were
required to prove that Athere
was no way for the courts where Parker=s
suit was previously filed could have had jurisdiction over the case and that
Parker knew this, but nevertheless she filed the prior suits anyway.@ 
Parker=s
analysis would make Section 16.064 inapplicable unless the plaintiff makes a
remarkable confession and, in most instances, waives the attorney-client
privilege to do so.  In an appropriate
case, the plaintiff=s
knowledge and state of mind could be necessary to a determination of the statute=s application, but we do not believe
that it is necessarily so in every case.

In this case, Section 16.064 did not toll
limitations because, even assuming every statement and allegation in Parker=s adversary complaint is taken as true,
that pleading affirmatively establishes that the bankruptcy court did not have
jurisdiction.  It was unnecessary for
defendants to prove that Parker consciously appreciated this because her
knowledge of the law is imputed.  Absent
some evidence of accident or mistake, filing suit with a pleading that on its
face establishes the court=s
lack of jurisdiction does not invoke Section 16.064=s
tolling provision.

Parker=s
adversary complaint contained the following jurisdictional statement:

This Court has jurisdiction and venue, as this is
a core proceeding pursuant to 28 USC 157. 
Pursuant to 28 USC 157(b)(5), Plaintiff requests this case be
transferred to the United States District Court for the Western District of
Texas, Austin Division, for jury trial.

 








Parker=s
personal injury suit was not a core proceeding. 
A core proceeding is one that involves a right created by the federal
bankruptcy law, such as an action to avoid a preference, or is one that would
only arise in bankruptcy, such as the filing of a proof of claim.  See Wood v. Wood, 825 F.2d 90, 97 (5th
Cir. 1987).  Parker=s suit was neither.

Parker contends that her claim was a core
proceeding because her recovery would have been partially nonexempt and, thus,
subject to the bankruptcy trustee=s
administration.  Parker confuses Arelated to@
jurisdiction with Acore@ jurisdiction.  Because any recovery could conceivably have
increased the debtor=s
estate, it was clearly within related to jurisdiction.  See Health Care, Inc. v. Prescription Home
Health Care, Inc., 316 F.3d 542, 547 (5th Cir. 2002) (the usual test for
related to jurisdiction is whether the outcome of a proceeding could
conceivably have any effect on the estate being administered).  But, because her adversary complaint
identified no right created by federal bankruptcy law nor was it an action that
could only arise in a bankruptcy proceeding, it was not a core proceeding.

Moreover, the very bankruptcy statute Parker
cited, 28 U.S.C. ' 157,
makes clear that the bankruptcy court had no jurisdiction to hear Parker=s personal injury suit.  Section 157 defines a bankruptcy court=s jurisdiction and provides bankruptcy
judges with the jurisdiction to Ahear
and determine all cases under title 11 and all core proceedings arising under
title 11, or arising in a case under title 11, referred under subsection (a) of
this section, and may enter appropriate orders and judgments, subject to review
under section 158 of this title.@  Section 157(b)(1).  The statute provides further, however, that:

The
district court shall order that personal injury tort and wrongful death claims
shall be tried in the district court in which the bankruptcy case is pending,
or in the district court in the district in which the claim arose, as
determined by the district court in which the bankruptcy case is pending.   

 

Section 157(b)(5).  

Parker argued that Section 157 merely required the
trial to occur in district court, but because her recovery was subject to the
trustee=s
administration, the appropriate course was to file it in bankruptcy court and
then have it transferred to district court for trial.  The bankruptcy court rejected this
construction of Section 157 holding that Ait
lacked jurisdiction to hear or authority to transfer [Parker=s] personal injury case to the District
Court.@  The bankruptcy court=s
interpretation of its own jurisdictional statute is entitled to deference.  Parker has provided this court with no
authority indicating that this interpretation was incorrect, and we have found
none ourselves.








Instead, the law is clear that bankruptcy courts
have no jurisdiction over personal injury suits.  Section 157(b)(5) was added in response to
the Supreme Court=s ruling
in N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50
(1982).  The court ruled that a previous
grant of sweeping jurisdiction to bankruptcy courts was unconstitutional
because it vested Article III power in judges who did not enjoy Article III=s protections or safeguards.  Id.
at 62.  Section 157(b)(5) excluded from
their jurisdiction subject matter not specifically derived from bankruptcy
law.  Wood, 825 F.2d at 95.  This gave district courts jurisdiction over
personal injury and wrongful death actions, while preserving for bankruptcy
courts the jurisdiction to deal with bankruptcy-related matters.  Baumgart v. Fairchild Aircraft Corp.,
981 F.2d 824, 831 (5th Cir. 1993).

Because bankruptcy courts have no jurisdiction
over personal injury suits, Parker=s
construction of Section 157 to require only that the trial occur in district
court is incorrect.  No jurisdiction
means exactly that.  The bankruptcy court
had no authority to do anything with Parker=s
personal injury suit.  Whether Parker was
conscious of this is immaterial.  All
persons are presumed to know the law and are charged with knowledge of
statutory provisions.  Virtual
Healthcare Servs., Ltd. v. Laborde, 193 S.W.3d 636, 644 (Tex. App.CEastland
2006, no pet.).  Parker, therefore, is
charged with knowledge that the bankruptcy court had no jurisdiction.

The defendants carried their burden of proof by
showing that the adversary proceeding was filed in the bankruptcy court even
though the complaint on its face established that court=s
lack of jurisdiction.  It was incumbent
upon Parker to produce sufficient evidence to create a question of fact.  Cf. Williamson v. John Deere Co., 708
S.W.2d 38, 40 (Tex. App.CTyler
1986, no writ) (plaintiff=s
original federal court pleading clearly showed on its face that diversity
jurisdiction did not exist because the parties were all Texas residents, but
the affidavit of plaintiff=s
counsel explaining that this was the result of his mistake was sufficient to
create a fact question).  Parker filed a
summary judgment response, but no summary judgment evidence.[2]








During oral argument, counsel explained that he
initially filed suit in bankruptcy court because of his construction of Section
157, and he elaborated on that construction. 
We have considered this argument for purposes of analyzing the statue.  But, because counsel did not file an
affidavit with the trial court in response to the defendants= motions for summary judgment, we
cannot consider counsel=s
comments for any other purpose.[3]  See Deerfield Land Joint Venture v. S.
Union Realty Co., 758 S.W.2d 608, 611 (Tex. App.CDallas
1988, writ denied) (reviewing court considers only evidence that was before the
trial court at time of summary judgment hearing).

Parker filed a Asupplemental
brief on collateral estoppel@
the week before oral argument.  In this
brief, she asserted that defendants were collaterally estopped from asserting a
statute of limitations defense because this argument had been presented to, and
denied by, the federal district court. 
Parker refers this court to an order entered by the district court that
addressed a number of pretrial motions, including motions to dismiss for
failure to state a claim.  Of relevance
to this proceeding, the court held:

Although
Defendants assert that Parker=s
first filing in the bankruptcy court was done with Aintentional
disregard of proper jurisdiction,@
this Court cannot so conclude based on the pleadings.   Accordingly, Defendants= motions to dismiss based on the
statute of limitations will be denied.

 

Collateral estoppel applies when (1) the facts
sought to be litigated in the second action were fully and fairly litigated in
the first action, and (2) those facts were essential to the judgment in the
first action.  Johnson & Higgins
of Tex., Inc. v. Kenneco Energy, Inc., 962
S.W.2d 507, 519 (Tex.
1998).  That doctrine does not apply to
the federal court=s
pretrial order.








First, the federal court did not find that Parker
acted without intentional disregard, it simply held that defendants had not
carried their burden under Fed. R. Civ.
P. 12(b)(6).[4]   The failure to find a fact does not
establish the opposite proposition.  See
Battaglia v. Alexander, 177 S.W.3d 893, 903 (Tex. 2005) (jury=s
failure to find doctor negligent was not an affirmative finding that he was
not).  Second, this was a pretrial ruling
on the sufficiency of Parker=s
allegations.  It did not represent a full
and fair litigation of the limitations issue.[5]  Had the federal court not later dismissed the
suit for lack of subject-matter jurisdiction, this order would not have
prevented the defendants from continuing to assert limitations.  The court=s
determination that Parker=s
complaint stated a claim is far short of a final judgment that Parker did not
act with intentional disregard. 
Collateral estoppel, therefore, does not apply.

                                                                    IV.  Holding

The summary judgment evidence established that
Parker filed suit in a court that B
based solely on the statements in her own complaint B
clearly had no jurisdiction to consider it. 
Parker failed to create a question of fact on Section 16.064=s application; accordingly, we cannot
say that the trial court erred by granting defendants=
motions for summary judgment.  The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

February 22, 2007

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.











[1]Because Parker=s bankruptcy
proceeding was still pending and because any recovery she obtained was
potentially subject to the trustee=s
administration, the federal district court where Parker=s bankruptcy proceeding was pending also had
jurisdiction.  See 28 U.S.C. ' 1334(b).





[2]After the summary judgment hearing, Parker filed a
motion for leave to file summary judgment evidence.   The trial court denied Parker=s motion for leave. 
Parker does not challenge that ruling. 






[3]Nor was an affidavit from counsel included in the evidence
Parker attempted to file after the summary judgment hearing.





[4]When deciding a Rule 12(b)(6) motion, federal courts
are required to accept as true well-pleaded factual allegations in the
plaintiff=s complaint.  C.C.
Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir.
1995).  Dismissal is proper only if it
appears beyond doubt that the plaintiff can prove no set of facts in support of
claim that would entitle him to relief.  Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir.
1995).





[5]Federal courts may not grant a Rule 12(b)(6) motion
merely because they believe almost to a certainty that the plaintiff is
unlikely to prevail on the merits.  Clark v. Amoco Prod. Co.,
794 F.2d 967, 970 (5th Cir. 1986).  The
question is whether the complaint states a claim.  Id.