Pleas MOORE, Conservator of the Estate
of Charles Moore, Plaintiff,

v.

CARROLL COUNTY, MISSISSIPPI,
et al., Defendants.

No. 4:96CV159–D–B.

United States District Court,
N.D. Mississippi,
Greenville Division.

March 24, 1997.

A. Lee Abraham, Jr., Donna J. Hodges, Abraham & Associates, Greenwood, MS, for plaintiff.

Katherine S. Kerby, Gholson, Hicks, & Nichols, Columbus, MS, for defendants.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

This cause comes before the court upon the motion of the plaintiff for partial summary judgment in his favor and the cross-motion of the defendants for partial summary judgment in their favor. The plaintiff, as conservator of the estate of his brother, Charles Moore, filed this lawsuit under 42 U.S.C. § 1983 against the defendants alleging violations of Charles Moore's civil rights and violations of state tort law. In his motion for partial summary judgment, the plaintiff requests a ruling from this court determining that it has jurisdiction over the plaintiff's state law claims. Specifically, the plaintiff has moved for partial summary judgment on the issue of whether or not he has met the requirements for the maintenance of this action under the Mississippi Tort Claims Act, Miss.Code Ann. § 11–46–11(1). The defendants responded to the plaintiff's motion and denied that he has complied with the prerequisites of bringing a state tort action against them. Additionally, the defendants filed a cross-motion for partial summary judgment asserting that state law immunity requires dismissal of the tort claims filed against them. As both motions have been fully briefed, they are ripe for determination.

## FACTUAL BACKGROUND [1]

On or about January 2, 1996, Deputy Don Alderson began following Charles Moore in a

---

1. In a motion for summary judgment, the facts must be construed in the light most favorable to the non-moving party. *Matagorda County v. Russell Law,* 19 F.3d 215, 217 (5th Cir.1994). Although both sides have filed motions for summary judgment in this action, the defendants

vehicular pursuit from Carroll County, through Leflore County and into the City of Greenwood. Alderson, along with several Greenwood City police officers, managed to halt Moore just east of the U.S. Highway 82 and U.S. Highway 49 cloverleaf intersection. Pulling his gun, Alderson approached Moore who remained sitting in his vehicle. As Alderson opened the door and started to pull the unarmed Moore out, Alderson's gun discharged twice. One bullet struck Moore in the leg and the other entered his abdominal flank. As a result of the shooting, doctors had to remove one of Moore's kidneys and today Moore suffers from partial paralysis in his lower extremities.

On January 9, 1996, the plaintiff filed a notice of claim pursuant to Miss.Code Ann. § 11–46–11 with Marvin Coward, President of the Carroll County Board of Supervisors. Nearly four (4) months later, on May 3, 1996, he filed a complaint with this court alleging a cause of action under 42 U.S.C. § 1983 and under state tort law. The defendants timely filed their Answer and called into question the validity of the plaintiff's notice of claim. Subsequently, on August 13, 1996, the plaintiff filed an amended notice of claim. Again, nearly four (4) months later, on December 5, 1996, the plaintiff filed an Amended Complaint after receiving authority from the Magistrate Judge to do so over the objections of the defendants. *Moore v. Carroll County, Mississippi, et al.,* Cause No. 4:96cv159–D–B (N.D.Miss. Dec. 3, 1996) (Bogen, M.J.) (Order Granting Motion to File First Amended Complaint).

The plaintiff filed the present motion for partial summary judgment requesting this court rule as a matter of law that his notice of claim, or in the alternative, his amended notice of claim sufficiently bestows jurisdiction upon this court over the plaintiff's state law claims. The defendants responded and filed a cross-motion for summary judgment

asserting state law immunity as a ground for dismissal of the state law claims.

## *LEGAL DISCUSSION*

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir.1996). Once a properly supported motion for summary judgment is presented, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Brothers v. Klevenhagen,* 28 F.3d 452, 455 (5th Cir.1994). "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Federal Sav. & Loan Ins. v. Kralj,* 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the party opposing the motion. *Banc One Capital Partners Corp. v. Kneipper,* 67 F.3d 1187, 1198 (5th Cir.1995); *Matagorda County v. Russell Law,* 19 F.3d 215, 217 (5th Cir.1994).

### II. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Mississippi Tort Claims Act ("MTCA")[2] provides in relevant part that an

---

have requested the court favor the plaintiff in this regard "so there is no question as to the facts not in material dispute." Def.'s Brief in Opp. To Plaintiff's Mot. For Partial Summary Judgment, p.3. The court's recitation of the facts in this case reflects the court's acquiescence to this request.

2. Although neither party addressed this issue, the court notes that some disagreement exists over the potential unconstitutionality of the MTCA. *See* J. James Fraiser III, *A Review of Issues Presented By § 11–46–11 of the Mississippi Tort Claims Act: The Notice Provisions and Statute of Limitations,* 65 Miss. L.J. 643, 702–15 (Spring 1996); Richard Smith–Monahan, Comment, *Sov-*

action against a governmental entity or its employee may be brought as any other action at law or in equity, provided the aggrieved person file with the chief executive officer of the governmental entity a notice of claim ninety (90) days prior to the maintenance of the action. Miss.Code Ann. § 11–46–11(1) (Supp.1996). The statute further sets out that the notice of claim

> shall be in writing, delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

*Id.* § 11–46–11(2) (Supp.1996). Filing a valid notice of claim is a jurisdictional prerequisite to the maintenance of the plaintiff's state law claims against defendant Carroll County and defendants Ricky Downs and Don Alderson in their official capacities.[3] *Simpson v. City of Pickens,* 887 F.Supp. 126, 130 (S.D.Miss. 1995); *see also* Miss.Code Ann. § 11–46–7(1) (Supp.1996) (noting exclusiveness of remedy against governmental entity or its employee).

The plaintiff asserts that the notice of claim he filed on January 9, 1996 meets the requirements set out in § 11–46–11. Furthermore, the plaintiff points out that he did not file his complaint until May 3, 1996—well after ninety (90) days subsequent to his notice of claim. The defendants submit to this court that the notice is insufficient as to defendants Alderson and Downs in their individual capacities because it failed to specify

either one as a defendant. Defs.' Brief in Opp. To Plaintiff's Mot. For Partial Summary Judgment, p. 7. As such, the defendants request the state tort claims against the individual defendants be dismissed for lack of jurisdiction. *Id.*

■ The court is of the opinion that the notice of claim filed on January 9, 1996 is valid as to the individual defendants and the plaintiff's state tort claims against them shall not be dismissed on this basis. *See* Exh. A att. Plaintiff's Brief in Supp. Of Mot. For Partial Summary Judgment (Notice of Claim, Jan. 9, 1996). The statute only requires that the notice of claim contain a short and plain statement of the facts upon which the claim is based, including

(1) the circumstances which brought about the injury,

(2) the extent of the injury,

(3) the time and place the injury occurred,

(4) the names of all persons known to be involved,

(5) the amount of money damages sought, and

(6) the residence of the person making the claim at the time of the injury and at the time of filing the notice.

Miss.Code Ann. § 11–46–11 (Supp.1996). After reviewing the January claim notice, the court is convinced that the plaintiff met his statutory burden in this regard. The relevant statute does not require the notice of claim to contain a list of specific *defendants* designated as such; it merely states that the names of all persons *known to be involved* should be included in the administrative notice. *Id.* (emphasis added). Although the Mississippi Supreme Court has yet to speak to the issue of the type of scrutiny which

---

ereign Immunity in Mississippi 1982 to 1995: A Practical Tool for Lawyers and Judges, 16 Miss. C.L.Rev. 215, 223–25 (1995). The Mississippi Supreme Court has yet to specifically rule upon this legislation. *See Mohundro v. Alcorn County,* 675 So.2d 848, 851 (Miss.1996); *Westbrook v. City of Jackson,* 665 So.2d 833, 836–37 n. 1 (Miss.1995); *Coleman v. American Mfrs. Mut. Ins. Co.,* 930 F.Supp. 252, 254–55 (N.D.Miss.1995)(applying § 11–46–9(1)(c) of MTCA).

**3.** The court notes that claims against governmental agents or officers in their official capacities are the same as claims against the governmental entity itself. *Womble v. Singing River Hosp.,* 618 So.2d 1252, 1261–62 (Miss.1993). As such, the plaintiff's claims against Ricky Downs in his official capacity as sheriff of Carroll County, Mississippi and Don Alderson in his official capacity as deputy sheriff of Carroll County, Mississippi are redundant in that the plaintiff has named Carroll County, Mississippi as a defendant in this action.

should be visited upon § 11–46–11—strict construction versus substantial compliance[4] —the court is of the opinion that the claim notice at issue in this action surpasses even a strict construction analysis.[5]

 As noted *supra,* the statute only requires a list of known persons involved in the incident, not a list of defendants. The court is of the opinion that the plaintiff complied with this portion of the statute by listing all known persons involved in the pursuit and subsequent shooting of his brother. *See* Exh. A. In fact, the notice lists Alderson first under the heading of "Names of persons Known to be Involved." *Id.* at 2. Although the notice fails to specifically mention Downs in his individual capacity, the court is of the opinion that the notice is sufficient as to him. Technically, Downs was not personally involved in the factual scenario giving rise to Moore's claim, that being the shooting. Thus, the plaintiff complied with the letter of the law. This court declines to so strictly construe the statute so as to preclude the plaintiff from asserting a cause of action against Downs when such may be easily inferred from the claim notice.[6] As such, the plaintiff's motion for partial summary judgment shall be granted.

## III. DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The defendants filed a cross-motion for partial summary judgment wherein they submit that they are immune from liability for the plaintiff's state tort claims pursuant to the Mississippi Tort Claim Act. The remedy provided pursuant to the MTCA is exclusive of any other state law remedy sought against

a governmental entity or its employee. Miss. Code Ann. § 11–46–7(1) (Supp.1996). Specifically, the relevant provision sets forth that "any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary." *Id.*

### A. *Claims Against Downs and Alderson Individually*

The defendants submit that Downs and Alderson are individually entitled to immunity because they were acting within the course and scope of their employment at all times relevant to the plaintiff's claims against them. The MTCA endows the individual defendants in this case with the advantage of a rebuttable presumption that any act or omission of theirs which takes place within the time and at the place of their employment is within the "course and scope of [their] employment." Miss.Code Ann. § 11–46–5(3) (Supp.1996). Furthermore, the Mississippi legislature set out a limited spectrum of occasions which could be considered as outside an employee's course and scope of employment. These include when the employee's conduct constitutes 1) fraud, 2) malice, 3) libel, 4) slander, 5) defamation, or 6) any criminal offense. *Id.* § 11–46–7(2) (Supp.1996).

### i. *Alderson Individually*

 The court is of the opinion that no genuine issue of material fact exists as to

---

4. *See Clifton v. Landry,* 1996 WL 755730, *2 (S.D.Miss.1996); Fraiser, *supra* note 2, at 648–96.

5. Although the defendants only contest the validity of the claim notice as to the individual defendants, the court notes its unchallenged validity as to the defendant County. The notice unequivocally states that Charles Moore is "asserting a claim against Carroll County for injuries sustained." Exh. A. Although the complaint specifically lists Alderson and Downs as defendants in their official capacities, the court previously noted that such inclusion was actually redundant as claims against Alderson and Downs in their official capacities are actually claims against the

County and the County was specifically named in the notice. Thus, in essence, the plaintiff listed defendants Downs and Alderson in their official capacities by specifically asserting a claim against the County in the notice.

6. The Mississippi Code sets out that "[a]ll sheriffs shall be liable for the acts of their deputies...." Miss.Code Ann. § 19–25–19 (1972). As such, it would seem redundant to require the plaintiff in this case to specifically list Sheriff Downs in his notice of claim when this statute automatically includes Downs by virtue of the plaintiff's inclusion of Deputy Alderson. The court discusses § 19–25–19 in further detail *infra* as concerning its impact upon the immunity of the defendants.

defendant Alderson's conduct. The defendants have met their summary judgment burden and demonstrated by record evidence that no genuine issue of material fact exists as to whether Alderson's actions rise to the level of malice or any criminal offense.[7] The defendants introduced into the record evidence demonstrating that Alderson pursued Charles Moore when Moore refused to stop his vehicle as requested. Exh. E att. Defs.' Response to Mot. For Partial Summary Judgment ("Exh.E"). The undisputed evidence further indicates that Moore resisted arrest after his pursuit reached its conclusion. *Id.* Exh. F. During the attempt to arrest Moore, the only evidence in the record indicates that the firearm which inflicted Moore's injuries accidentally discharged. Exh. A att. Defs.' Reply; Exh. A att. Mem. In Opp. To Defs.' Mot. For Partial Summary Judgment. ("Plaintiff's Exh. A").[8] In light of the evidence presented to the court, Alderson's conduct did not constitute either malice or any criminal offense and there is no genuine issue of material fact as to this finding.

As such, the court must conclude that the plaintiff, when faced with a properly supported motion for summary judgment and in light of the rebuttable presumption of § 11–46–5(3), has failed to meet his burden of producing record evidence which would create a genuine issue of material fact as to whether the defendant Alderson individually acted outside the course and scope of his employment. Under the MTCA, the court is bound to dismiss the state law claims against him. The relevant provision of the statute provides that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." *Id.* § 11–46–7(2) (Supp.

1996). Alderson acted within the course and scope of his employment at all relevant times and there is no genuine issue of material fact as to this finding. For these reasons, the plaintiff's state law claims against the individual defendant Alderson shall be dismissed.

*ii. Downs Individually*

The plaintiff cites § 19–25–19 as authority for holding Sheriff Downs liable under state law. That section provides that "[a]ll sheriffs shall be liable for the acts of their deputies...." Miss.Code Ann. § 19–25–19 (1972). The plaintiff asserts that this section precludes an award of immunity to Downs. Mem. In Opp. To Defs.' Mot. For Partial Summary Judgment, p.4. According to the plaintiff's interpretation, this statute conflicts with the protection from liability granted pursuant to the MTCA. The court is of the opinion, however, that the statutes may easily be reconciled.

The liability imposed on sheriffs pursuant to § 19–25–19 is derivative of that imposed on deputies. *Barrett v. Miller,* 599 So.2d 559, 566 (Miss.1992) (discussing respondeat superior and vicarious liability under § 19–25–19). Thus, if a deputy escapes liability pursuant to his statutory immunity, no liability exists to be derivatively placed upon the shoulders of his sheriff. *Id.* The sheriff may be held derivatively liable, but he is also derivatively entitled to the same defenses, including immunity, as that accorded his deputies. *Id.* at 568 (noting sheriff "has no liability for his own actions, but would be liable for the actions of his deputies if the deputies themselves are found to be liable."); *Coleman v. American Mfrs. Mut. Ins. Co.,*

---

7. The court is unable to read allegations of fraud, libel, slander or defamation into the plaintiff's First Amended Complaint. As such, the court's discussion reflects its analysis under the remaining two examples of conduct considered outside the course and scope of employment: that which constitutes malice or a criminal offense.

8. Alderson's statement of the incident to the Greenwood Police Department, offered by the plaintiff as Exhibit A, supports the defendants' assertion that Alderson's conduct was well within the course and scope of his employment. Alderson stated that

I came out of my car and I had my weapon drawn. I was aiming at the driver as I approached the suspect's vehicle. I got up to the window and he had his window down about 4 inches. I pointed the gun at the suspect and told him to get out of the car. He didn't say anything. I opened up the door with my right hand. I had my pistol still pointed at him and I grabbed his left wrist with my right hand, holding my pistol with my left hand. At that point, I heard a round go off. I didn't think it was mine. I don't remember feeling the recoil or anything.

Plaintiff's Exh. A.

930 F.Supp. 252, 254 (N.D.Miss.1995) (holding sovereign immunity defense of city available to uninsured motorist carrier); *Williams v. Grimmett,* 1996 WL 671534, *2 n. 3 (N.D.Miss. Aug.27, 1996). The court has determined that Alderson is not liable for his acts under the plaintiff's state law claims because of his entitlement to immunity. That same immunity derivatively inures to the benefit of Sheriff Downs.[9] In this way, § 19–25–19 may be read so as not to conflict with the MTCA. This argument of the plaintiff also fails.

However, the plaintiff has also asserted that defendant Sheriff Downs failed to adequately train and supervise his personnel before arming them and placing them on patrol. Moore further alleges that Downs knew of the alleged insufficiency of Alderson's training, but required him to engage in patrol activities with an automatic weapon despite such knowledge. The defendants failed to meet their summary judgment burden in regard to these claims against Downs individually. They did not submit any record evidence in reference to the plaintiff's inadequate training claims against Downs personally, much less evidence which demonstrates that no genuine issues of material fact exist as to Downs' conduct. Without any record evidence before it as to the plaintiff's claims against Downs individually, the court shall treat the defendants' motion in this instance as one falling under the parameters of Federal Rule of Civil Procedure 12(b)(6).

A Rule 12(b)(6) motion is disfavored, and it is rarely granted. *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir.1986); *Sosa v. Coleman,* 646 F.2d 991, 993 (5th Cir.1981). In deciding a motion to dismiss under Rule 12(b)(1) or (6), the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis–Penn Mortgage Co.,* 61 F.3d 288, 289 (5th Cir.1995). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks,"

dismissal is proper. *Id.* It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995) (alterations and citations omitted). "However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.' " *Id.* (quoting 3 Wright & Miller, *Federal Practice & Procedure: Civil 2d* 1216, pp. 156–59).

■ On the other hand, dismissal is never warranted because the court believes the plaintiff is unlikely to prevail on the merits. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Even if it appears an almost certainty that the facts alleged cannot be proved to support the claim, the complaint cannot be dismissed so long as the complaint states a claim. *Clark,* 794 F.2d at 970; *Boudeloche v. Grow Chem. Coatings Corp.,* 728 F.2d 759, 762 (5th Cir. 1984). "To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief." *Clark,* 794 F.2d at 970; *see also Mahone v. Addicks Util. Dist.,* 836 F.2d 921, 926 (5th Cir.1988); *United States v. Uvalde Consol. Indep. Sch. Dist.,* 625 F.2d 547, 549 (5th Cir.1980), *cert. denied,* 451 U.S. 1002, 101 S.Ct. 2341, 68 L.Ed.2d 858. If a required element, a prerequisite to obtaining the requested relief, is lacking in the complaint, dismissal is proper. *Id. See also Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). While dismissal under Rule 12(b)(6) ordinarily is determined by whether the facts alleged, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.

---

**9.** This analysis holds true for the plaintiff's claims of vicarious liability against Downs in his official capacity also. As such, neither Downs individually nor the County may be held liable for Alderson's actions pursuant to respondeat

superior because Alderson is not liable for his actions due to his immunity. *See Dennis v. Warren,* 779 F.2d 245 (5th Cir.1985) (noting award under § 19–25–19 may be made against sheriff in individual or official capacity).

*Clark,* 794 F.2d at 970; *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953.

■ Furthermore, Rule 12 states that [i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b). Nevertheless, district courts are "permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss." *Davis v. Bayless,* 70 F.3d 367, 372 n. 3 (5th Cir.1995) (citing *Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994)). Even though affidavits might be present in the record, the court is not required to treat the motion as one for summary judgment if it does not rely upon such documents. *Id.*

■ This court is unable to say that the defendants have demonstrated that the plaintiff can prove no set of facts under which he could recover against Downs in his individual capacity. As noted in the discussion relevant to Alderson, Downs may escape personal liability if his actions were within the course and scope of his employment. Miss.Code Ann. § 11–46–7(2). The statute sets out that a governmental employee falls outside that protective environment when the employee's actions constitute "fraud, malice, libel, slander, defamation or any criminal offense." *Id.* The plaintiff's First Amended Complaint fails to state any set of facts which could be read to allege that Downs committed fraud, libel, slander, defamation or any criminal offense. However, the court is of the opinion that the pleading could be read to encompass an allegation that Downs acted with malice.

The Mississippi Supreme Court defines malice as an objective state of mind which may be inferred if the plaintiff demonstrates that the defendant acted with ruthless or reckless disregard for the plaintiff's rights. *Nassar v. Concordia Rod & Gun Club, Inc.,* 682 So.2d 1035, 1042 (Miss.1996); *Ross–King–Walker, Inc. v. Henson,* 672 So.2d 1188, 1191 (Miss.1996); *Junior Food Stores, Inc. v. Rice,* 671 So.2d 67, 73 (Miss.1996). The court is unable to hold, after reading the plaintiff's First Amended Complaint, that the plaintiff has stated no set of facts under which he may recover against Downs individually. Specifically, the plaintiff alleges that "Downs knew of the inadequate training of Deputy Alderson in handling firearms and in law enforcement procedures" but placed the deputy on patrol with an automatic weapon despite such knowledge. First Amended Complaint, p.4. The court is of the opinion that, if the plaintiff proved that allegation, a reasonable juror could find that Downs acted with reckless disregard for the plaintiff's rights. As such, the plaintiff's state law claims of inadequate training and supervision against Downs individually may not be dismissed at this time.

## B. State Law Claims Against the County [10]

The defendants also contend that the County is entitled to a grant of immunity as to the plaintiff's state law claims against it and those claims should be dismissed. In response, the plaintiff asseverates that the MTCA specifically waives any immunity for claims arising under tort law. Section 11–46–5 provides:

[T]he immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course

---

10. As noted previously, claims against defendants Downs and Alderson in their official capacities are actually claims against the defendant County. *Womble v. Singing River Hosp.,* 618 So.2d 1252, 1261–62 (Miss.1993) (noting suit against agent in official capacity is tantamount to suit against entity itself and same immunities apply). The court is of the opinion that, logistically, the plaintiff's claims against the County may be broken down into those claims against Alderson in his official capacity and those against Downs in his official capacity. Miss.Code Ann. § 11–46–7(2). The court shall discuss the claims under such headings.

and scope of their employment is hereby waived. . . .

Miss.Code Ann. § 11–46–5(1). The plaintiff's construction of Mississippi statutory law, although correct, is incomplete for § 11–46–9 enumerates exemptions from that waiver of immunity. Indeed, that section is entitled "Exemption of governmental entity from liability on claims based on specified circumstances." *Id.* § 11–46–9. Thus, if the plaintiff's claims may be fairly categorized as fitting within one of the specified exemptions, the County is entitled to immunity from liability based on those claims.

The defendants direct the court's attention to subsection (c) of § 11–46–9 which exempts from liability a governmental entity and its employees acting within the course and scope of their employment or duties for any claim

> [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

*Id.* § 11–46–9(c). With the application of this subsection, the court is of the opinion that several of the plaintiff's state law claims against the County must be dismissed. It is clear that the plaintiff's claims surround an incident relating to police protection. Therefore, any claims which may be read to encompass a cause of action under state law, including the plaintiff's allegation of failure to adequately train or supervise, must be dismissed if they fit within this exemption.

### i. Alderson in his official capacity

 The plaintiff asserts that he has alleged that the defendants acted in reckless disregard of the safety and well-being of plaintiff's ward when Alderson shot him, thereby falling outside the exemption to liability. The defendants counter this argument by contending that plaintiff's ward was engaged in a criminal activity at the time he was shot and therefore immunity remains attached. In support of their asseveration, the defendants attached as exhibit "E" to their response and cross-motion the log entry

of the Leflore County Sheriff's Department and Don Alderson's general affidavit before the justice court judge. These documents reflect that plaintiff's ward recklessly drove his vehicle, refused to stop his car when so requested by the authorities and subsequently resisted arrest. The plaintiff failed to offer any record evidence disputing the defendants' proof that the plaintiff was engaged in a criminal activity when he was injured. In fact, exhibit "A" attached to the plaintiff's rebuttal memorandum and response supports the defendants' contentions. Exh. A, p.2 (statement of Deputy Alderson). In his statement to the Greenwood Police Department, Alderson noted

> I do remember trying to get the suspect out of the car and when I grabbed him he started to struggle with me, trying to keep me from getting him out of the car. That is when I heard the shot.

*Id.*

The court is of the opinion that the defendants have demonstrated the absence of any genuine issue of material fact as to whether the plaintiff's ward was engaged in a criminal activity when he was injured. Resisting a lawful arrest is most definitely a criminal act. Miss.Code Ann. § 97–9–73. The only record evidence before the court indicates that Alderson was in lawful pursuit of Charles Moore who evaded his attempts to stop his vehicle and who, when the authorities were eventually successful in that endeavor, resisted Alderson's arrest of his person. Thus, the plaintiff failed to rebut the defendants' proof relating to Charles Moore's activities at the time of his injury. Because there is no genuine issue of material fact as to whether Charles Moore was engaged in a criminal activity at the time he was injured, the County is entitled to an award of immunity as set forth in 11–46–9(1)(c) as against the plaintiff's claims against Alderson in his official capacity.

### ii. Downs in his official capacity

 The defendants have not, however, met their summary judgment burden under subsection (c) with respect to the plaintiff's inadequate training and supervision claims against the County premised on Downs' actions in his official capacity. As

noted *supra*, the defendants failed to include any record evidence with which to satisfy their burden as to Downs' conduct in his official capacity. As such, the court is unable to find an absence of genuine issues of material fact as to whether or not Downs acted with reckless disregard in performing his training or supervising duties. Furthermore, in treating this issue under the auspices of Rule 12(b)(6) as the court did the claims against Downs individually, the court finds itself unable to say that the plaintiff has stated no set of facts which, if proved, would allow a reasonable juror to find that Downs acted with reckless disregard in performing his official duties. The plaintiff avers that Downs knew of Alderson's alleged inadequate training with respect to the handling of automatic weapons but, irrespective of that knowledge, placed Alderson on patrol with just such a weapon. The court is of the opinion that such an allegation, if proved, would allow a reasonable juror to find that Downs acted with reckless disregard so as to disallow the exemption from liability set forth in § 11–46–9(c).

The defendants do not hinge their assertion of immunity solely on the application of subsection (c), but also submit that subsections (d), (e) and (g) protect the County from the plaintiff's state law claims against Downs in his official capacity. Those subsections provide that a governmental entity or its employee acting within the course and scope of his employment shall not be liable for claims:

> (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused;
>
> (e) Arising out of an injury caused by adopting or failing to adopt a statute, ordinance or regulation;
>
> * * * *
>
> (g) Arising out of the exercise of discretion in determining whether or not to seek or provide the resources necessary for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel and, in general, the provision of adequate governmental services.

Miss.Code Ann. § 11–46–9(d), (e), (g) (Supp. 1996). The court is of the opinion that subsection (d) blankets the County with immunity as to the plaintiff's claims of inadequate training and supervision and the court thus declines to address the applicability of subsections (e) or (g).

The Mississippi Supreme Court has previously articulated the distinction between those actions and duties which are discretionary in nature, and therefore subject to immunity, and those ministerial in nature. *Coplin v. Francis,* 631 So.2d 752, 753–54 (Miss.1994). This state's high court distinguishes between "those actions which inherently require the exercise of individual judgment and those which are positively imposed by law." *Coplin,* 631 So.2d at 753. The *Coplin* Court noted that

> [t]he most important criterion, perhaps, is that [if] the duty is one which has been positively imposed by law and its performance required at a time and in a manner or upon conditions which are specifically designated, the duty to perform under the conditions specified not being dependent upon the officer's judgment or discretion, the act and discharge thereof is ministerial.

*Id.* at 754.

The plaintiff asserts that Sheriff Downs was under a statutory duty to ensure that the deputy sheriffs he appointed were "of good moral character and ... capable of fairly and impartially enforcing the law of the State of Mississippi" and that Downs breached this duty with respect to Alderson. Miss. Code Ann. § 19–25–19. Clearly, the performance of this duty, although specifically imposed by statute, is dependent upon Downs' judgment or discretion. This claim of the plaintiff must fail under § 11–46–9(d).

■■■ The plaintiff also asserts that Downs failed to adequately train or supervise his personnel before providing them with automatic weaponry and placing them on patrol. The court is of the opinion that these claims of the plaintiff also fit within the discretionary function exemption. The statutorily-im-

posed duties relative to the training of law enforcement officers are set out under Miss. Code Ann. § 45–6–1 *et seq.* The plaintiff failed to allege the breach of any ministerial duty set out pursuant to this statute.[11] Whether a deputy sheriff possesses skill sufficient to warrant arming him and placing him on patrol is a decision which must be left to the sound judgment and discretion of his superiors. As such, the County and Downs in his official capacity are entitled to an award of immunity against the plaintiff's remaining state law claims.

### CONCLUSION

The plaintiff demonstrated to the court's satisfaction his compliance with the statutory notice of claim provision which provides this court with jurisdiction over his state law claims against the defendants. However, that ruling is somewhat mooted by the court's subsequent determination that the defendants, except Sheriff Downs in his individual capacity, are entitled to immunity from liability based on the plaintiff's state law claims pursuant to the MTCA. The plaintiff's state law claims against Alderson in his individual and official capacities, against Sheriff Downs in his official capacity and against the County shall be dismissed. Only the plaintiff's state law claims against Downs in his individual capacity [12] survive this summary judgment motion.

A separate order in accordance with this memorandum opinion shall issue this day.

### ORDER

Pursuant to a memorandum opinion issued this day, the court upon due consideration of the plaintiff's motion for partial summary judgment finds the motion well taken and shall grant it. However, the court finds the defendants' motion for partial summary judgment well taken only in part and shall grant it in part.

Therefore it is ORDERED that:

1) the plaintiff's motion for partial summary judgment is hereby GRANTED.

2) the defendants' motion for partial summary judgment is hereby GRANTED IN PART AND DENIED IN PART.

3) the plaintiff's state law claims against Don Alderson individually and in his official capacity are hereby DISMISSED.

4) the plaintiff's state law claims against Ricky Downs in his official capacity are hereby DISMISSED. The plaintiff's state law claims against Ricky Downs in his individual capacity shall remain pending at this juncture.

5) the plaintiff's state law claims against Carroll County, Mississippi are hereby DISMISSED.

All memoranda, depositions, affidavits and other matters considered by the court in granting the plaintiff's motion for summary judgment and in granting in part the defendants' motion for summary judgment are hereby incorporated and made a part of the record in this matter.

---

**11.** For instance, one subsection sets out that no person shall be employed over one year as a law enforcement officer unless that person has been certified according to the provisions of § 45–6–1 *et seq.* Miss.Code Ann. § 45–6–11(3) (Supp. 1996). Absent from the plaintiff's complaint is the allegation that Alderson, or any deputy of Carroll County, was not properly certified as set out by statute. Neither does the plaintiff allege that Downs failed to send his deputies for training conducted at the Law Enforcement Officers Training Academy. Miss.Code Ann. § 45–5–1 *et seq.* As such, the court is constrained to find that the plaintiff's allegations of inadequate training and supervision merely impact discretionary functions. As an aside, the court further notes that neither party directed the court's attention to these relevant statutes.

**12.** The defendants left unattacked the plaintiff's claims arising under federal law and the court's opinion and order do not address those claims. Defs.' Brief in Opp. To Plaintiff's Mot. For Partial Summary Judgment, p.12.