IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60086

Summary Calendar

_____

ALFRED SHORT,

                                    Plaintiff-Appellant,

versus

CITY OF WEST POINT, MISSISSIPPI;
RICHARD STRIPLING,

                                    Defendants-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Mississippi
USDC No. 1:95-CV-359-D-D

_____

August 29, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Alfred Short appeals the district court's grant of summary
judgment in favor of defendants.  Short attempts to convince us
that the filing of his EEOC charge is protected speech under the
First Amendment.  We disagree and affirm the decision of the lower
court.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Short began working for the City of West Point Fire Department on January 16, 1992, as a firefighter/EMT. At the time, he was residing in Macon, Noxubee County, Mississippi. An explicit qualification for employment in the West Point Fire Department was residence in Clay County. In July of 1994, a position as Engineer/Pump Operator opened at the Fire Department. Short applied for the job and made the highest grade on the test, but he did not get the promotion. The men promoted had several years more experience than Short and were white.

On November 1, 1994, Short filed an EEOC charge. The EEOC, however, found that the other two applicants were more qualified and issued a right-to-sue letter. By the time Short filed his Title VII claim, the statute of limitations had run.

Short was fired for failing to comply with the residency regulation. On November 24, 1995, he filed this suit, which alleges both race discrimination and a violation of the First Amendment. The district court granted summary judgment to the defendants on the race discrimination claim, and Short has not appealed that ruling. In his remaining claim, Short asserts that the filing of an EEOC charge is protected under the First Amendment and that his firing constitutes an unconstitutional retaliatory action on the part of West Point.

This case is controlled by Ayoub v. Texas A&M Univ., 927 F.2d 834 (5th Cir. 1986), cert. denied, 479 U.S. 1064, 107 S.Ct. 948 (1987). In Ayoub, the plaintiff filed a discrimination complaint

2

based on his belief that he was paid a salary that reflected a discriminatory pay scale that penalized foreign-born professors and rewarded white, American professors. Additionally, he claimed that his office was relocated in retaliation for engaging in constitutionally protected speech: the filing of an EEOC charge. We held that Ayoub's speech was not protected because it did not address a matter of public concern. Lodging a complaint with the EEOC, without further airing of grievances, creates a private, personal dispute between employer and employee. It does not create a generalized petition for a remedy to a public problem. Id. at 837-838.

Short also relies on the theory that the First Amendment gives special protection to EEOC claims. This argument rests on the view that 42 U.S.C. §2000e-3(a) affords unqualified protection to the filing of these claims. However, we held in Rathjen v. Litchfield that "[t]he law is no different where the act which allegedly gave rise to the retaliation claim is the filing of a grievance or a lawsuit." 878 F.2d 836, 842 (5th Cir. 1989). Both are subject to the qualification that the complaint be a matter of public concern. This type of speech is not protected by the First Amendment because it concerns merely personal employment status.

AFFIRMED.

3