# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-60702
Summary Calendar

JERRY W. CUTRER, SR.; LENA S. GUYTON; NORA WALKER; JANICE
HUFF; FRED LUCKETT, JR.; SUSAN HAMMETT; RONALD W. KINSEY;
MELISSA E. KEMP; CATHY B. WEBB; CAROLYN STERLING; and JOHN
LOWRY

Plaintiffs-Appellants

v.

BUTCH MCMILLAN; SHELIA BROWNING; JO ANN SUMMERS;
CANDICE WHITFIELD

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CV-701

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Jerry W. Cutrer, Sr., Lean S. Guyton, Nora Walker,

Janice Huff, Fred Luckett, Jr., Ronald W. Kinsey, Melissa E. Kemp, Cathy B.

Webb, Carolyn Sterling, and John Lowry, (collectively, "Plaintiffs") appeal the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment of the district court order dismissing their § 1983 First Amendment retaliation claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Finding no error, we AFFIRM.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs, who are all over age 40, were employees of the Mississippi Department of Rehabilitation Services ("MDRS"), a state governmental agency, in various supervisory positions during the period January 1, 2005 through February 1, 2008. Defendants-Appellees H.S. McMillan, Shelia Browning, Jo Ann Summers, and Candice Whitfield (collectively "Defendants") are or were supervisory officials with MDRS.[1]

In November 2005, Plaintiffs filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming that MDRS discriminated against them on the basis of age. Plaintiffs alleged that they were passed over for certain promotions in favor of individuals under the age of forty who were less qualified for the respective positions. The EEOC issued a determination letter in April 2007, finding that MDRS had impermissibly discriminated against Plaintiffs on account of age, and MDRS declined the offer of conciliation. The EEOC subsequently issued a right to sue letter.

On February 21, 2006, five Plaintiffs filed a second charge with the EEOC, alleging that MDRS retaliated against them for filing the first age discrimination charge. Again the EEOC made an adverse finding, and MDRS declined the offer of conciliation. The EEOC then issued a right to sue letter on the retaliation claim.

In November 2007, Plaintiffs filed suit against Defendants in their individual capacities, with an amended complaint filed on February 1, 2008.

---

[1] Specifically, McMillan was Executive Director of MDRS; Browning was Deputy Administrator for MDRS; Summers was Office Director for the Office of Disability Determination Services; and Whitfield was the Director for the Office of Program Integrity.

Plaintiffs' suit alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq. Plaintiffs also asserted a claim under 42 U.S.C. § 1983, alleging that the retaliatory conduct violated their rights under the First and Fourteenth Amendments to the United States Constitution.

Defendants moved for dismissal of the suit pursuant to Rule 12(b)(6). The district court granted the motion, holding that Defendants were not individually liable under ADEA or Title VII and that Plaintiffs had failed to state a First Amendment retaliation claim. Plaintiffs appeal only as to the First Amendment claim and have abandoned the remaining two claims.

## II. DISCUSSION

### A. Standard of Review

We review the district court's Rule 12(b)(6) dismissal de novo, accepting as true the well-pleaded factual allegations of the complaint. Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). Although detailed factual allegations are not required, the complaint must provide factual allegations that, when assumed to be true, "raise a right to relief above a speculative level," id. (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)), and "state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974.[2] Dismissal is appropriate when the complaint "on its face show[s] a bar to relief." Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986).

---

[2] Although Plaintiffs assert that the court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000), the Supreme Court has rejected the "no set of facts" language. Cuvillier v. Taylor, 503 F.3d 397, 401 n.4 (5th Cir. 2007) (citing Twombly, 127 S.Ct. at 1969).

B. § 1983 First Amendment Claim

Plaintiffs argue that they have stated a viable § 1983 claim for retaliation for speech protected by the First Amendment because their age discrimination charge with the EEOC constitutes speech on a matter of public concern because it was a class action, not merely a personal employment dispute of the individual plaintiffs in the suit.[3] Defendants respond that Plaintiffs' claims are foreclosed by Fifth Circuit law that EEOC charges alone are not protected speech, and therefore the class-action age discrimination EEOC charge is not protected conduct.

Although "public employees do not surrender all their First Amendment rights by reason of their employment," Jordan v. Ector County, 516 F.3d 290, 294-95 (5th Cir. 2008), and public employees may not be retaliated against for exercising their right to free speech, Thompson v. City of Starkville, 901 F.2d 456, 460 (5th Cir. 1990), not all of their actions are protected speech. Davis v. McKinney, 518 F. 3d 304, 311 (5th Cir. 2008). "In order for a public employee to prevail on a First Amendment retaliation claim, she must prove that (1) she suffered an adverse employment decision; (2) she was engaged in protected activity; and (3) the requisite causal relationship between the two exists." Jordan, 516 F.3d at 295. The threshold question in this case is the second element–whether Plaintiffs' conduct was protected by the First Amendment.

Public employees' conduct is protected by the First Amendment in some instances when they speak as private citizens on a matter of public concern.

---

[3] Plaintiffs also argue that this court should adopt the reasoning of the Eighth Circuit in Greenwood v. Ross, 778 F.2d 448 (8th Cir. 1985), to hold that the filing of an EEOC discrimination charge by an employee is, per se, speech protected by the First Amendment. This Circuit has already rejected this argument, as discussed infra. See Ayoub v. Texas A& M Univ., 927 F.2d 834, 837 (5th Cir. 1991). As a general rule, one panel may not overrule the decision of a prior panel. Billiot v. Puckett, 135 F.3d 311, 316 (5th Cir. 1998).

Davis, 518 F.3d at 311. There are three steps in determining whether a public employee's speech is constitutionally protected: (1) whether the employee's speech is pursuant to his/her official duties; (2) if not, whether the speech is on a matter of public concern; and (3) if on a matter of public concern, whether the employee's interest in expressing such a concern outweighs the employer's interest in promoting the efficiency of the public services it performs through its employees. Davis, 518 F.3d at 312 (quoting Ronna Greff Schneider, 1 EDUCATION LAW: FIRST AMENDMENT, DUE PROCESS AND DISCRIMINATION LITIGATION § 2:20 (West 2007)).

As to step one, we agree with the district court that Plaintiffs clearly did not file their EEOC charges pursuant to their official duties at the MDRS. See Davis, 518 F.3d at 313 (holding that plaintiff did not complain to EEOC or FBI pursuant to official duties). When a public employee takes job concerns to external agencies, such communications are ordinarily made as a citizen rather than an employee. Id.

As to step two, this case is controlled by Ayoub v. Texas A&M Univ., 927 F.2d 834, 837-38 (5th Cir. 1991). In that case, the court concluded that Ayoub's speech, which included an EEOC discrimination complaint, was not a matter of public concern. Lodging a complaint with the EEOC, without further airing of grievances, implicates only the private employment interests of the plaintiff and is not conduct that constitutes speech on a matter of public concern. See Short v. City of West Point, Miss., 1997 WL 575048, at *1 (5th Cir. 1997) (applying Ayoub, 927 F.2d at 837-38).

Plaintiffs argue that the fact that the EEOC charge was filed as a class, rather than as individual complainants, sufficiently distinguishes this case from Ayoub or Short. We disagree. The charge refers to the named individuals and positions for which they were allegedly passed over impermissibly on account of age. It does not otherwise address alleged discrimination actions against non-

plaintiff employees of MDRS. In addition, there was no conduct by Plaintiffs publicizing their complaints or otherwise indicating that the speech was intended to raise a matter of public concern rather than a dispute about Plaintiffs' employment conditions. See Ayoub, 927 F.2d at 837 (finding that plaintiff "never attempted to air" the complaints at the heart of his EEOC charge "in a manner that would call the public's attention to the alleged wrong"). Although discrimination in awarding promotions based on age can certainly be a matter of public concern, "in the context in which it was presented in this case" by Plaintiffs, "it was a purely personal and private matter." See Ayoub, 927 F.2d at 838.[4]

Because Plaintiffs' class-action EEOC age discrimination charge is not speech on a matter of public concern, they have failed to establish a prima facie First Amendment retaliation claim, and we affirm the judgment of the district court. See Click v. Copeland, 970 F.2d 106, 111 (5th Cir. 1992) ("If the conduct does not touch a matter of public concern, the inquiry is at an end and a court will not scrutinize the reasons motivating the employer's action.").

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[4] Plaintiffs' reliance on Davis v. McKinney, is misplaced. Davis did not alter this Circuit's jurisprudence regarding when an EEOC charge might be protected speech. The case was remanded for the district court to examine in the first instance whether Davis's communications with the EEOC or FBI were speech on a matter of public concern, because those communications were among several at issue in the case, and the issue of those particular instances of speech being on a matter of public concern was not separately briefed by the parties. See Davis, 518 F.3d at 316-17.